James West and Ernest Trevin *v.* The State.

No. 7338.   Decided November 29, 1922.

Rehearing denied January 24, 1923.

**1.—Transportation of Intoxicating Liquor—Search and Seizure.**

The question of search and seizure, having been recently decided against appellants, the same will not be again considered. Following Welchek v. State, decided November 22, 1922.

**2.—Jury and Jury Law—Peremptory Challenges—Oath.**

In the absence of proper exceptions taken to the action of the court at the time when it directed the sheriff to summon additional talesmen and administering to the officer the statutory oath, the same comes too late in motion for a new trial, and will not be considered on appeal. Following McMahon v. State, 17 Texas Crim. App., 321, and other cases.

**3.—Same—Suspended Sentence—Cross Examination—Federal Court.**

Where both appellants had filed application for a suspended sentence and introduced testimony that one of them had never been convicted of a felony, there was no reversible error to permit the State on cross-examination of the witness to show that some three months prior to this trial one of the appellants had pleaded guilty and had been convicted in the Federal Court for transporting intoxicating liquor; no objection based on the manner of making this proof of conviction or that such conviction was for the first or second offense being made at the time.

**4.—Same—Federal Statutes—Definition of Felony.**

Under the Federal statutes felonies are defined as being all offenses which may be punished by death or imprisonment for a term exceeding one year, and the so-called Volstead Act providing that thereunder a penalty may be inflicted of imprisonment for two years, the same must be classed as a felony, and the fact that a less punishment may be inflicted for the first offense would not affect this ruling.

**5.—Same—Charge of Court—Bill of Exceptions—Principals.**

Where the evidence showed that the accused were not only present but participated in the offense, an objection to the charge of the court which was in the usual form for the definition of principals, presents no reversible error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of the unlawful transportation of intoxicating liquor, the evidence supported the conviction, there is no reversible error.

**7.—Same—Rehearing—Burden of Proof—Suspended Sentence.**

Where appellant insisted in his motion for rehearing that the effect of the original opinion of this court was to shift the burden of proof in requiring one of the appellants to prove the conviction in the Federal Court was for a misdemeanor and not a felony; held, that the burden of proof was upon appellant to bring himself within the terms of the suspended sentence law, and show that the conviction was not for a felony, and the motion is overruled.

Appeal from the District Court of Dimmit. Tried below before the Honorable J. F. Mullally.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years each imprisonment in the penitentiary.

The opinion states the case.

*W. C. Linden,* for appellants.—Cited, LaFell ᴠ. State, 153 S. W. Rep., 884; Middleton v. State, 217 S. W. Rep., 1046.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of challenges, Ellis v. State, 154 S. W. Rep., 1012; Walker v. State, 151 id., 822; Oates v. State, 149 id., 1194.

On question of burden of proof, Robert v. State, 234 S. W. Rep., 89.

LATTIMORE, JUDGE.—Appellants were convicted of the unlawful transportation of intoxicating liquor in the District Court of Dimmit County, and their punishment fixed at two years each in the penitentiary.

Save testimony pertinent only to the question of suspended sentence, no other evidence was offered for the defense. On the date alleged in the indictment an automobile driven by appellant Trevino and later admitted by appellant West to be his, was followed for some two miles in Dimmit County by the sheriff of said county and another citizen, both of whom testified for the State. When the car wäs overtaken by said parties and stopped, appellants were both on the front seat. In the car were found eighty-one bottles of tequila, a liquor which, according to the testimony of both of said State witnesses, is intoxicating, and this fact is without dispute otherwise in the record. Appellants were jointly indicted and tried for the offense of the transportation of said liquor with the result above mentioned.

There are six bills of exception in the record. One of same presents the question of search and seizure recently settled against appellants in Welcheck v. State, opinion handed down November 22, 1922.

Another bill sets forth that by peremptory challenges by both sides the jury panel was reduced to nine men and complains that the court in directing the sheriff to summon additional talesmen, failed to administer to the officer the statutory oath. No exception of any kind was taken to the action of the court at the time but the question is

raised for the first time in the motion for new trial. In McMahon v. State, 17 Texas Crim. App., 321; Davis v. State, 19 Texas Crim. App., 201; Caldwell v. State, 12 Texas Crim. App., 302, we held that complaints such as this must show on appeal that exception was taken at the very time of the action complained of, and if the matter be raised for the first time in motion for new trial it will not be considered on appeal.

Both appellants had filed application for suspended sentence. Under our view of the law this placed in issue their reputation for being peaceable, law-abiding citizens, and this regardless of whether they had offered affirmative evidence in support of such good character. In Overby v. State, 92 Texas Crim. Rep., 172, we held the State had the right to attack the reputation and character of the accused in such case in any legitimate manner. However we also held in Johnson v. State, 91 Texas Crim Rep., 582, that when there is testimony offered by the accused in support of his good character, in such case, the State may not offer as affirmative evidence the commission by the accused of isolated crimes or acts of misconduct. In the instant case the witness whose testimony forms the basis of the objection under discussion, was used by appellants for the purpose of testifying that one of the latter had never before been convicted of a felony. After having so testified on direct examination, the State on cross-examination asked this witness if it was not true that some three months prior to this trial appellant West had pleaded guilty and been convicted in the Federal court at Laredo, Texas, of the offense of transporting intoxicating liquor in an automobile. No objection based on the manner of making this proof of conviction, was made; nor that such conviction was for the first or second offense. It was permissible for the State to rebut the testimony of said witness by proof of the fact that appellant West had been convicted in this State or any other of a felony, and we think it entirely immaterial that such conviction was had in a Federal court.

We find in Sec. 335, Vol. 4 United States Statutes Annotated, 1916, that felonies under the Federal statutes are defined as being all offenses which may be punished by death or imprisonment for a term exceeding one year. For transportation of liquor unlawfully, one prosecuted under the Volstead Act in a Federal court may be given a penalty of imprisonment for two years. We thus see that the offense for which such conviction had been had may be classed as a felony. The fact that for the first such offense a conviction in the Federal court may be followed by a less punishment than imprisonment for two years, would not affect our ruling. No such objection was made and it is our duty to indulge every presumption in support of the correctness of the ruling of the trial court.

Appellants' fourth bill of exceptions was taken to the overruling of

the motion for new trial in which the questions herein discussed and held not to be erroneous, were again raised and urged.

Appellants have another bill of exceptions presenting their objection to the court's charge, but upon examination it appears that only one of the grounds of such objection is directed at any specific part of said charge. It is urged that paragraph 3 of the charge is erroneous in failing to tell the jury that the mere presence of a person at the scene of the commission of a crime, does not constitute him a principal. This criticism is without foundation. The evidence as to each of the accused shows not only his presence but his participation. Trevino was driving the car and West immediately claimed to own the car and told the officer who arrested him that he wanted to get through this one time. It is also insisted that said paragraph is on the weight of the evidence. Without setting it out it is sufficient to state that said paragraph is in the usual form for the definition of principals and seems not subject to the latter criticism named.

Bill of exceptions No. 6 was to the refusal of a special charge requested setting forth substantially that the mere presence or silence of either of the appellants would not be sufficient to make him a principal. In our view there was no evidence supporting any such theory. As we have indicated above, the evidence is undisputed that each appellant was an active participant. A charge presenting a defensive theory must find some support in the testimony before its refusal will be held error by us.

The testimony being apparently entirely in support of the verdict of the jury, and being unable to agree with any of the contentions made by appellants, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING

January 24, 1923.

HAWKINS, JUDGE.—It is insisted that the effect of our opinion is to shift the burden of proof to appellant West in requiring him to prove the conviction in the Federal Court was for a misdemeanor and not a felony. When appellant West filed his application for a suspended sentence the very law he invoked placed the burden on him of showing that he had not been convicted of a felony. He undertakes to discharge the burden through the evidence of a witness who testified that West had never been convicted of a felony. The State then on cross-examination proved by this witness (without objection as to the manner of proof) that this appellant had been convicted in the Federal Court of transportation of intoxicating liquor, an offense which might or might not be a felony under Federal statute, depending on whether the conviction was for a first, second or third offense. The State having met appellant's proof in this manner, we think the burden was still on him to bring himself within the terms of the suspended sen-

tence law, and show the conviction was not for a felony. We cannot presume the State was offering it merely to show that appellant had been convicted of a similar offense, but rather must we indulge the presumption in the absence of a showing to the contrary, that the State was legitimately seeking to defeat the plea for suspended sentence by showing that a prior conviction for a felony stood in the way of granting it.

We have examined the other questions presented on rehearing, but believing the former opinion properly disposed of them, and finding no reason to change the views therein expressed, the motion for rehearing will be overruled.

<div align="right">

*Overruled.*