SAM TAYLOR v. THE STATE.

No. 8271.   Decided January 23, 1924.

**1.—Rape—Evidence—Other Acts of Sexual Intercourse.**

Where, upon trial of rape by force, the defendant offered testimony to the effect that on several occasions the witness had caught the defendant and prosecuting witness in bed together, and that both were under the cover, but the Court refused the admission of said testimony on the ground that

it was incompetent as affecting the previous chaste character of the prosecutrix; held reversible error, as the testimony affected the issue of carnal intercourse by force *vel non* in the instant case.

**2.—Same—Rule Stated—Consent—Evidence—Force.**

Where, upon trial of rape by force, the excluded testimony had a tendency supporting the proposition that the prosecutrix yielded her assent and was not in fact forced, that she had granted previous carnal favors to defendant, etc., the same was reversible error to exclude it.

**3.—Same—Suspended Sentence—Charge of Court.**

Where, notwithstanding the application of trial for suspended sentence, the trial Court refused to submit the law of such issue and there was testimony reasonably supporting that issue, the same was reversible error.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of rape by force; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General,

for the State.—On question of rejecting testimony of other acts of sexual intercourse: Evans v. State, 172 S. W. Rep., 795; Holland v. State, 60 Texas Crim. Rep., 117.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Kaufman County of the offense of rape, and his punishment fixed at five years in the penitentiary.

The testimony is short. Lucile Brown, prosecutrix, testified that on the date charged appellant came to her house in the absence of her husband and by force had carnal knowledge of her. She said that she was choked and that appellant scratched her cheek in the scuffle causing bloodshed; that at once upon being left by appellant, she went out into the field where her husband was plowing with a man named Wiley and told them what appellant had done and exhibited to them a swollen throat and scratched cheek. In this she was corroborated by her husband and Wiley. For the defense the brother of the husband of prosecutrix testified that prosecutrix told him that she would not have had appellant indicted if he had paid her the money that he promised her; that Sam Taylor had promised to pay her some money but failed to come up with it and she had him indicted.

Appellant has a bill of exceptions to the refusal of the learned trial judge to permit defense witness Piper to testify that on several occasions he had caught the defendant and prosecuting witness in bed

together and that both were under the cover. The qualification to this bill makes it appear that the trial judge was of the opinion that this testimony was as to an immaterial matter and that the charge being rape by force, such testimony would be incompetent as affecting the previous chaste character of the prosecutrix. The question in a case of rape by force as to whether the prosecuting witness had in fact theretofore been guilty of having criminal intercourse with the defendant, would seem in nearly all instances to be material as affecting the issue of carnal intercourse by force vel-non as in the instant case. The question for the jury to decide was whether or not they believed that the intercourse with prosecutrix on the part of appellant, if any, was without her consent and against her will. It seems reasonably clear that proof of the fact that prosecutrix had theretofore had intercourse with the accused would be admissible, or that their relations with each other could be shown to have been such as that this would be a reasonable inference. A number of cases are cited by Mr. Branch in his Annotated P. C., p. 1003, supporting the proposition that when consent is an issue, for the purpose of raising the presumption that she yielded her assent and was not in fact forced, the defendant may show that she had previously granted carnal favors to him. Such we conceive to be the logical effect of the testimony rejected, which action is under discussion.

Appellant filed an application for a suspended sentence. His proof in support of the proposition consisted of the testimony of two witnesses, one of whom said that he had known appellant twelve or fourteen years and that he had never been indicted for a felony within the knowledge of witness, and that he had never been in any trouble since witness had known him and witness had known him since he was a little kid. The other witness testified on this point that he had known appellant six or seven years and that his general reputation was that he was a good, peaceable negro and that he had never been convicted of a felony that witness knew of. We do not incline to the view that this did not present sufficient testimony to call for the submission of the issue of suspended sentence. Notwithstanding the application was filed in the instant case, the court did not submit the law of such issue, to which an exception was taken. Where there is testimony reasonably supporting an issue, we think it beyond the province of the trial court to himself pass upon its sufficiency.

For the errors mentioned the judgment will be.reversed and the cause remanded.

*Reversed and remanded.*