Hugh Wynne v. The State.

No. 9177.   Delivered June 3, 1925.

Rehearing Denied October 14, 1925.

1.—Theft—Evidence—Impeaching Accused—Held Admissible.

Where upon a trial for theft, the defendant having testified, it was not error to permit the state to prove that there, were other charges of theft against him in the County Court of Dallas County, for impeachment purpose. The defendant himself, as well as his mother having testified that he had been charged with theft in the County Court.

ON REHEARING.

2.—Same—Evidence Held Sufficient.

The State's evidence was sufficient to show that appellant was guilty of the theft of an automobile. It was also shown, he having testified, that he had numerous cases of theft then pending against him, and he also admitted his guilt in the instant case. We see no reason to disturb our original opinion, and his motion for rehearing is overruled.

Appeal from the Criminal District Court of Dallas County.   Hon. Felix D. Robertson, Judge.

Appeal from a conviction of theft of an automobile, penalty three years in the penitentiary.

The opinion states the case.

*Jas. D. O'Connor*, for appellant.

*Shelby Cox*, District Attorney, *William McCraw*, Assistant District Attorney, *Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was tried and convicted in the criminal district court of Dallas County upon a plea of guilty, with the offense of theft of personal property over the value of $50.00, and his punishment assessed at three years confinement in the penitentiary.

The only complaint urged by appellant in this court is to the action of the trial court in permitting the state over his objection to prove by the deputy county clerk of Dallas County that the appellant was charged in the county court at law No. 2 with theft cases, and in permitting record testimony to that effect.   Upon cross-examination by the State, the appellant testified to having been arrested for theft and that he didn't know how many cases of misdemeanor theft were pending against him in the county court; that he knew of one case

but did not think that it was then pending, and that there was another charge against him for being along with another boy. The statement of facts further develops that the appellant's mother upon cross-examination testified that he had been arrested once before that she knew of for some manner of theft.

In view of the facts of this case, in that the appellant practically admitted the charges pending against him in the county court on cross-examination, and the testimony of his mother to the same effect, without objection, and defendant's plea of guilty, if there was any error in the court permitting the deputy county clerk to testify and permitting the state to introduce the records showing misdemeanor theft charges pending against appellant, then such actions of said trial court became harmless and the record, fails to show any ground for reversal of this case.

For the reasons above stated, we are of the opinion that the judgment of the trial court should be and same is hereby affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State's evidence was sufficient to show the appellant's guilt of the offense of theft of an automobile. He entered a plea for a suspended sentence, became a witness in his own behalf and gave evidence in support of his plea; also to facts tending to mitigate the punishment. On his cross-examination he admitted that he had been arrested for theft and had pending against him one case; that he had been prosecuted for misdemeanor theft. He also admitted the theft on the present occasion and said that he was ready to "make amends." His mother testified in his favor touching his habits, etc. Appellant's wife also testified in his behalf. In rebuttal the State introduced evidence to the effect that there were three cases pending against the appellant in which he was charged with receiving and concealing stolen property. There was also testimony that his reputation as a law-abiding citizen in the community was very bad. Appellant having testified as a witness in his own behalf, proof of his indictment for theft in other cases was admissible as bearing upon his veracity. See West v. State, 93 Texas Crim. Rep. 288.

The motion for rehearing is overruled.

*Overruled.*