BERNARD WALKER V. THE STATE.

No. 11002.     Delivered June 22, 1927.

Rehearing granted State October 26, 1927.

Rehearing denied Appellant November 23, 1927.

1.—Theft of an Automobile—Companion Case.

This is a companion case to cause No. 11001. The facts being identical for the reasons set forth in the opinion of said companion case, this cause is also reversed and remanded.

ON .REHEARING BY STATE.

2.—Same—Suspended Sentence—Issue Not Raised—Properly Omitted from Charge.

Where a suspended sentence is requested, and the proof is made that appellant had never before been convicted in this or any other state

for a felony, it is reversible error to fail to submit the issue in the charge to the jury. The law places the burden of making this proof on the accused. In the record before us appellant wholly failed to meet this requirement, and there was no error in failing to submit the issue to the jury.

ON REHEARING BY APPELLANT.

3.—Same—No Error Presented.

On rehearing appellant wholly fails to convince this court that we were in error in affirming his case, on the state's motion for a rehearing, and his motion is overruled.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. George E. Hosey, Judge.

Appeal from a conviction for the theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

*Virgil R. Parker* of Fort Worth, for appellant.

*Jesse E. Martin,* Criminal District Attorney, *Arthur L. Moore, Frank H. Rawlings,* Assistant Criminal District Attorneys, *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of automobile theft, and his punishment assessed at two years in the penitentiary.

The appellant's defense was an alibi, and, in connection therewith, he filed an application for a suspended sentence.

The issues and facts in this case are the same as in the companion case, No. 11001, Charles Walker, which was this day reversed by this court in an opinion written by Judge Baker. What we have said in the companion case applies with equal force to the instant case.

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING BY STATE.

LATTIMORE, JUDGE.—In this case the state moves for a rehearing, urging that before the accused in any case is entitled

to have the issue of suspended sentence submitted to the jury there must be enough evidence presented to. fairly raise such issue and afford reasonable support to a finding upon same in favor of the accused; and that in this case the record makes no such showing. We have carefully examined the testimony upon this point.

Appellant's aunt swore that she had known him all of his life, and had the care of raising him, and that at no time within ten years next past had he been out of Fort Worth as much as six months at any one time. Mr. Wall, deputy district clerk of Tarrant County, swore that he had examined the records of convictions for felonies in the district clerk's office of Tarrant County as far back as 1919 and found no record of any felony conviction against appellant. This comprises the testimony relied on as showing appellant entitled to have the issue of suspended sentence submitted to the jury. Upon more mature consideration we do not think the action of the trial court erroneous in refusing to submit this issue upon such showing. True, as said by us in cases cited in our original opinion, the right to a suspended sentence is a valuable one, and when the testimony reasonably supports such issue, it should go to the jury. In the instant case we observe that the mother of appellant was a witness; that the record shows that his people lived in Fort Worth; that his aunt was a witness also, but neither the mother, the aunt nor any other witness affirmed that appellant had never been convicted of a felony. Appellant did not take the witness stand. That the aunt affirmed that he had not been out of Fort Worth as much as six months at any one time, could not be given any weight at all as showing that he had not been convicted of a felony. Appellant was under twenty-one years of age. He could have committed a felony in any county in Texas, have pleaded guilty thereto, or been tried therefor, and have received a suspended sentence, all within ten days, much less six months. The great city of Dallas lies immediately contiguous to Fort Worth, where appellant lived. He could have committed a felony in Dallas and been indicted the next day, tried and convicted, and given a suspended sentence within a week, and still his aunt told the truth about his not being out of Tarrant County as much as six months at a time. We regard this testimony as amounting to nothing. This leaves in the record only the statement of the deputy district clerk of Tarrant County that the defendant had not been convicted of a felony in the county of the forum within eight years prior to this trial.

We must not lose sight of the fact that the burden of showing himself entitled to a suspended sentence rests upon the accused, that is, that he must satisfy the jury that he has not been convicted of a felony in this or any other state prior to the instant trial. We are then remitted in this case to this proposition, viz.: Does proof that the accused has not been convicted alone in the county in which he lives, of a felony, justify the trial court in submitting the issue; or would it justify the jury if such issue was submitted, in a finding in favor of the appellant thereon? We do not think so. If such had been the intention of the Legislature we believe they would have so stated.

We see no reason in the world why appellant's mother, his father, his aunt, or some of his associates who testified in the case in his behalf, could not have been asked a direct question by the appellant as to whether he had theretofore been convicted of a felony, if he had been in fact in good faith relying upon this proposition to escape the results of conviction or wished to meet the burden imposed on him of showing that he had not been so convicted.

Believing we were in error in the original opinion in holding that the evidence required the submission of this issue to the jury, and that there was no error committed upon the trial of the case calling for a reversal, the state's motion for rehearing will be granted, the judgment of reversal set aside, and the judgment now affirmed.

*Affirmed.*

### ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state's motion for rehearing having been granted and the judgment affirmed, appellant now files a motion for rehearing, among other things insisting that the accomplice witness Stewart was not sufficiently corroborated. This is the only point we find it necessary to discuss.

This is a companion case to No. 11001, Charles Walker v. State, in which appellant's motion for rehearing is this day overruled. For the same reasons there stated a like order is demanded in the present case.

Appellant's motion for rehearing is overruled.

*Overruled.*