**James Lee HERRING, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41993.**

Court of Criminal Appeals of Texas.

April 2, 1969.

Rehearing Denied May 28, 1969.

**650**

David E. Holt, Pampa, for appellant.

Bill W. Waters, Dist. Atty., Pampa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, assessed by the jury, 10 years' confinement in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged. A recital of the facts is therefore not deemed essential. Suffice it to say, the State's evidence reflects a 4 a.m. robbery at gunpoint of Larry Hilburn, the lone attendant at a Mobil Service Station on U.S. Highway 66 in McLean, Gray County, Texas, of $107.75 by the appellant and his companion on August 24, 1967. Approximately an hour and twenty minutes later appellant and his companion were arrested in Amarillo with approximately the same amount of money in their possession, the change being in a towel or rag similar to that in which Hilburn had been forced to place his change or coins in a short time before.

In his first ground of error appellant complains he "was denied the right to counsel at the time of his arrest on or about August 24, 1967, and in fact, was questioned

at such time without being warned of his constitutional rights to the right of counsel at such time."

■ The record does not support appellant's claim that the City of Amarillo police officers interrogated him at the time of his arrest, and the State made no effort to introduce any statement or confession, if any, made by appellant after his arrest. The State's evidence does reflect that later on the day of his arrest appellant was taken before a magistrate in the county of his arrest and warned of his constitutional and statutory rights before his return to Gray County. See Articles 14.06 and 15.17, Vernon's Ann.C.C.P. We cannot conclude that error is presented by ground of error # 1.

■ In his second ground of error appellant urges he was placed in a police lineup without having been advised of his right to counsel, etc., and thus deprived of due process of law. He relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. See also Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

We had occasion recently to discuss the procedure to be followed where a witness making an in-court identification has viewed a post Wade-Gilbert lineup. Martinez v. State, Tex.Cr.App., 437 S.W.2d 842 (January 8, 1969).

In the case at bar, however, appellant fails to point out any evidence which establishes his claim or to designate whose in-court identification was tainted by such lineup. If it be the witness Hilburn, we find no objection to his positive identification of the appellant as the man who held a revolver to his head and later bound and gagged him in the grease room of the service station. The appellant's testimony is silent as to any lineup. A page by page search of the record reveals that Gray County Sheriff R. J. Jordan, on cross-examination by appellant, made a brief mention

of the fact that he saw appellant in a lineup in the Amarillo city jail with other jail inmates. Other circumstances of the lineup were not shown. Upon being recalled by the appellant, the witness Hilburn did state he identified appellant in Amarillo later on the morning of the robbery, but whether this was in a lineup is not revealed by this record. There is no showing that appellant did not have counsel at any lineup or had not affirmatively waived the same.

This record does not support any claim of possible mistaken identification which Wade and Gilbert were designed to prevent. Appellant, while denying the robbery, admitted being in the service station at the time in question and related he drove off without paying for the gas because of a racial slur made by the witness Hilburn.

Identification has now assumed a constitutional dimension, but if there is any error as to identification we are able to declare our belief, from the record before us, that such error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705, 711. Gilbert v. California, supra; Martinez v. State, supra.

Ground of error #2 is overruled.

■ We find no merit in appellant's claim that the court erred in overruling his motion for a change of venue. While sworn to by the appellant, the motion was fatally defective in that it was not also supported by "the affidavit of at least two credible persons, residents of the county where the prosecution is instituted * * *." Article 31.03, V.A.C.C.P. Ground of error #3 is overruled.

After appellant testified he had never been convicted of a felony in this or any other state or a misdemeanor involving moral turpitude, he admitted he had received a 2 year suspended sentence in the State of North Carolina for assault with a deadly weapon when he was 16 years old.

At the penalty stage of the proceedings the issue of probation, in accordance with

appellant's timely filed motion, was submitted to the jury. During their deliberations the jury sent the following note to the court:

"Is the charge of which defendant was convicted of 'assault with a deadly weapon' (in 1964) to be considered as a felony conviction in considering probation.

/s/ C. J. O'Connor
Foreman"

Without objection or requested instruction the court answered in writing:

"You are the exclusive judges of the facts proved, and you are to be governed by the instructions of the Court's charge.

/s/ Grainger W. McIlhany
District Judge Presiding"

It appears to be appellant's fourth ground of error that the court erred in giving such answer; that the court should have instructed the jury whether or not such prior conviction was for a felony or misdemeanor under the laws of North Carolina. In absence of a timely objection nothing is presented for review.

Further, we are of the opinion that under the circumstances presented the court correctly answered the inquiry. The burden of proof as to appellant's eligibility and entitlement to probation was upon the appellant. Article 42.12, V.A.C.C.P. Cf. Holland v. State, 79 Tex.Cr.R. 529, 187 S.W. 944; Walker v. State, 108 Tex.Cr.R. 190, 299 S.W. 417; 13 Texas Digest, Criminal Law 982; 16 Tex.Juris.2d, Criminal Law, Sec. 433, p. 675. Under the statute, when an accused's sworn motion for probation is made prior to a jury trial, no presumption is indulged in his favor that he has not been convicted of a felony. It is incumbent upon him to prove it. Where the evidence shows, as in the case at bar, that the accused has a prior conviction which might or might not be a felony the burden is on him to bring himself within the terms of the probation law and show that the prior conviction was not for a fel-

ony. Cf. West v. State, 93 Tex.Cr.R. 288, 247 S.W. 534. In view of a lack of a timely objection to the court's charge, the failure to request the court to reopen in order to offer other testimony (Art. 36.16, V.A.C.C.P.), with the burden of proof being on the appellant, we perceive no error. Ground of error #4 is overruled.

The judgment is affirmed.