

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 8, 1971

Honorable D. Brooks Cofer, Jr.
District Attorney                Opinion No. M-882
Brazos County
Box 3520                         Re:  Article 42.12, Section 3c,
Bryan, Texas  77801                   Vernon's Code of Criminal
                                      Procedure.
Dear Mr. Cofer:

Your opinion request poses the following question in
regard to Article 42.12, Vernon's Code of Criminal Proce-
dure.

"Does the defendant have the burden of
proof to establish his eligibility for pro-
bation when he has pled guilty and the jury
has been waived in the proper manner but he
has not made a written formal application
for probation?"

The applicable portions of Article 42.12 read as follows:

"Sec. 3.  The judges of the courts of the
State of Texas having original jurisdiction
of criminal actions, when it shall appear to
the satisfaction of the court that the ends
of justice and the best interests of the
public as well as the defendant will be sub-
served thereby, shall have the power, after
conviction or a plea of guilty for any crime
or offense, where the maximum punishment as-
sessed against the defendant does not exceed
ten years imprisonment, to suspend the im-
position of the sentence and may place the
defendant on probation or impose a fine ap-
plicable to the offense committed and also
place the defendant on probation as herein-
after provided.  Any such person placed on

-4303-

probation, whether in a trial by jury or before the court, shall be under the supervision of such court.

"Sec. 3a.  Where there is a conviction in any court of this State and the punishment assessed by the jury shall not exceed ten years, the jury may recommend probation upon written sworn motion made therefor by the defendant, filed before the trial begins. When the trial is to a jury, and the defendant has no counsel, the court shall inform the defendant of his right to make such motion, and the court shall appoint counsel to prepare and present same, if desired by the defendant.  In no case shall probation be recommended by the jury except when the sworn motion and proof shall show, and the jury shall find in their verdict that the defendant has never before been convicted of a felony in this or any other State. This law is not to be construed as preventing the jury from passing on the guilt of the defendant, but he may enter a plea of not guilty.  In all eligible cases, probation shall be granted by the court if the jury recommends it in their verdict.

"If probation is granted by the jury the court may impose only those conditions which are set forth in Section 6 hereof.

"Sec. 3b. . . . .

"Sec. 3c.  Nothing herein shall limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury or prior conviction of the defendant."

Where trial is before a jury, the defendant clearly must make a sworn application for probation and must sustain the burden of showing that he has never been convicted of a felony before the jury can recommend a probated sentence under Section 3a.  Herring v. State, 440 S.W.2d 649 (Tex.Crim., 1969).

No requirement for a sworn motion and proof of eligibility for probation is found in Section 3, which authorizes the trial judge to grant probation.  Section 3c further empowers the trial judge to grant probation regardless of the recommendation of the jury or the existence of a prior conviction of the defendant.  The only requirements placed on the judge's decision are that the sentence must not exceed ten years and that the judge must be satisfied that the ends of justice and the best interests of the public and the defendant will be served by a probated sentence.  The trial court has absolute discretion to decide whether to grant probation, and no authority exists by which a defendant can require the granting of probation.  Redd v. State, 438 S.W.2d 565 (Tex.Crim., 1969); Martin v. State, 452 S.W.2d 481 (Tex.Crim., 1970).  The exercise of the trial court's discretion is not appealable.  Kerry v. State, 452 S.W.2d 480 (Tex.Crim., 1970).

This office is therefore of the opinion that a defendant whose sentence is to be determined by the trial judge is not under a burden of proof to establish eligibility for probation, although the trial judge may in his discretion require such proof as he deems appropriate.  Obviously a defendant may desire to produce evidence to show that the ends of justice and the best interests of the public, as well as himself, will be served by a probated sentence and should have no ground for complaint if he fails to do so and does not receive probation.  At the same time, the clear meaning of cases such as the Herring decision is that an application for probation places no burden upon the state to refute the defendant's eligibility for probation.

### S U M M A R Y

The trial judge has the discretion to grant probation when the judge is satisfied that the ends of justice and the best interests of the public and the defendant will be served by a probated sentence, and the defendant is not under a burden of proof to show eligibility for probation when the sentence is to be assessed by the judge, although the trial judge in his discretion may require such proof as he deems appropriate.  Art. 42.12, V.C.C.P.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Larry Craddock
Sam Jones
John Banks
Fisher Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant