**Jose Leonel TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 56424.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 21, 1979.

Paul Banner and Cornel Walker, Greenville, for appellant.

Felipe Reyna, Dist. Atty. and Rodney Goble, Asst. Dist. Atty., Waco, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana following a plea of guilty before the jury. The punishment assessed by the jury is imprisonment for ten years and a $5,000 fine.

Appellant contends that the trial court erred in failing to submit the issue of probation to the jury. We agree.

Prior to the start of his trial, appellant filed a sworn application for probation. In support of the application, appellant's wife testified that she was fifty-three years old; appellant was forty-two years old; she and appellant had been married for twenty-two years; she had known appellant for ten years prior to their marriage; and, to her knowledge, appellant had never been convicted of a felony.

The question of probation was included in the original draft of the charge, but the trial court withdrew probation from the charge following an objection by the prosecutor, who took the position that the only way a defendant may prove his eligibility for probation is by personally testifying. Although the State does not make this assertion in its appellate brief, it does contend that Mrs. Trevino's testimony is insufficient to support appellant's request for probation since she admitted that appellant had been away from home on one occasion for a period of three months, during which he could have been convicted of a felony.

Both appellant and the State rely on the decision in *Walker v. State*, 108 Tex.Cr.R. 190, 299 S.W. 417 (1927). In that case, the defendant, who was under twenty-one years of age, did not testify, and no witness was asked if the defendant had ever been convicted of a felony. The defendant's aunt testified that she had known the defendant all of his life, had had the care of raising him, and that he had not been out of Fort Worth for more than six months at any one time during the preceding ten years. The deputy district clerk of Tarrant County testified that the defendant had not been convicted of a felony in that county during the eight years prior to the trial. In holding that this testimony was not sufficient to warrant submitting the issue of a suspended sentence to the jury, since the defendant could have been convicted of a felony during one of his six-month absences from Tarrant County, it was stated:

"We see no reason in the world why appellant's mother, his father, his aunt, or some of his associates who testified in the case in his behalf could not have been asked a direct question by the appellant as to whether he had heretofore been convicted of a felony, if he had been in fact, in good faith, relying upon this proposition to escape the results of conviction, or wished to meet the burden imposed on him of showing that he had not been so convicted."

In the instant case, Mrs. Trevino testified, in effect, that she had known appellant since he was ten years old *and that he had not been convicted of a felony during that time*. This is sufficient to require the submission of a charge on probation. See *Walker v. State*, supra; *Taylor v. State*, 96 Tex.Cr.R. 379, 257 S.W. 1105 (Tex.Cr.App. 1924).

The right to probation is valuable; when testimony reasonably supports a defendant's motion for probation, the issue should be submitted to the jury. The failure to submit that issue in this case was error.

The judgment is reversed and the cause remanded.