Affirmed and Memorandum Opinion filed February 17, 2005









Affirmed and Memorandum Opinion filed February 17,
2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01227-CR

____________

 

DAVID ISACC
GONZALES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 928,303

 



 

M E M O R A N D U M   O P I N I O N

Appellant David Isacc Gonzales was
convicted of sexual assault of a child. In two issues on appeal, appellant
argues (1) the trial court erred in denying his motion for continuance and (2)
the Texas statutory scheme governing community supervision violates the Fifth
Amendment privilege against self-incrimination. 
We affirm.








In the summer of 2001, when the
complainant P.C. was fourteen years old, appellant had sexual intercourse with
P.C. on a number of occasions.  Appellant
was a family friend, and P.C. and appellant’s niece would spend the night at
his apartment and watch movies.  On July
7, 2001, while looking for her daughter, P.C.’s mother found appellant and P.C.
in the same bedroom at appellant’s apartment. 
P.C.’s mother suspected sexual activity had occurred and immediately
took her daughter to a hospital for an examination.  Appellant was arrested soon thereafter.  In October 2003, appellant was convicted of
sexual assault and sentenced to twenty years’ imprisonment.

In his first issue, appellant contends
that the trial court erred in denying his motion for continuance.  Five days before trial, appellant informed
his attorney for the first time that certain medications he was taking at the
time of the offense prevented him from performing sexually; thus, appellant
claimed he could not have had sexual intercourse with P.C.  Appellant sought a motion for continuance
four days before trial based upon the need to consult a doctor on the
matter.  The day trial was set to begin,
the trial court held a short hearing on the motion for continuance.  Appellant’s counsel explained that he had not
been able to get a doctor to testify and that appellant’s personal doctor was
on vacation.  The trial court denied the
motion, stating that appellant had not shown diligence in pursuing the matter.

The proper method by which to preserve
error in the denial of a motion for continuance based on the absence of a
witness is a motion for new trial.  Taylor
v. State, 612 S.W.2d 566, 569 (Tex. Crim. App. [Panel Op.] 1981); Burns
v. State, 923 S.W.2d 233, 237 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d).  Appellant filed a motion for new
trial, but he only alleged ineffective assistance of counsel.  Because appellant failed to include the denial
of his motion for continuance in his motion for new trial, appellant has not
preserved error on this issue.  Lemmons
v. State, 75 S.W.3d 513, 526 (Tex. App.—San Antonio 2002, pet. ref’d);
Burns, 923 S.W.2d at 237. 
Accordingly, we overrule appellant’s first issue.








In his second issue, appellant argues that
the Texas statutory scheme governing community supervision violates the Fifth
Amendment privilege against self-incrimination under the U.S.
Constitution.  See U.S. Const. amend. V.  Specifically, appellant contends that the
requirements found in article 42.12, section 4(e) of the Code of Criminal
Procedure are unconstitutional.  See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 4(e) (Vernon Supp. 2004–2005).  This
section mandates that a defendant, in order to be eligible for community
supervision, file a sworn motion stating that the defendant has not been
convicted of a felony in Texas or any other state.  Id. 
A jury must also enter a finding in the verdict that the information in
the defendant’s motion is true.  Id.  The defendant bears the burden of pleading
and proving that he has no prior felony convictions.  Speth v. State, 6 S.W.3d 530, 533
(Tex. Crim. App. 1999).

Here, appellant filed an “Application for
Probation” before trial, but neither called anyone to testify that he had never
been convicted of a felony nor took the stand himself.  The trial court informed appellant that he
would be ineligible for community supervision if he chose not to present any
evidence that he had never been convicted of a felony.  Appellant now contends this statutory scheme
violates his Fifth Amendment privilege against self-incrimination; however,
appellant did not lodge this objection at trial.  Because appellant did not object, we find
that he has not preserved error on this issue. 
Tex. R. App. P. 33.1(a);  Mendez v. State, 138 S.W.3d 334, 342 (Tex.
Crim. App. 2004); Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App.
1990) (noting that “[e]ven constitutional errors may be waived by failure to
object at trial”).








Even if appellant had preserved error on
this issue, we reject appellant’s argument that article 42.12, section 4(e) of
the Texas Code of Criminal Procedure violates the Fifth Amendment.  The Fifth Amendment protects against
compelled self-incrimination.  Ohio
Adult Parole Auth. v. Woodard, 523 U.S. 272, 286 (1998).  As stated above, under article 42.12, section
4(e), the defendant bears the burden of pleading and proving that he has no
prior felony convictions in order to be eligible for community supervision.  Speth, 6 S.W.3d at 533.  A defendant can accomplish this through
testimony of his own or of others.  See
Trevino v. State, 577 S.W.2d 242, 243 (Tex. Crim. App. [Panel Op.] 1979)
(holding that defendant’s wife’s testimony that defendant had not been
convicted of a felony was sufficient to require submission to jury of a charge
on probation).  Because a defendant is
not required—much less compelled—to testify in order to be eligible for
community supervision, article 42.12, section 4(e) is not violative of the
Fifth Amendment of the U.S. Constitution. 
Indeed, the trial court even advised appellant that another person who
knew him well could testify as to whether he had any prior felony convictions.
Appellant’s second issue is overruled.

For the reasons
stated above, we affirm appellant’s conviction.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed February 17, 2005.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).