IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1263-08






RODGER EUGENE MANSFIELD, JR., Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., delivered the opinion of the Court in which Meyers,
Womack, Keasler, Hervey, and Holcomb, JJ., joined. Johnson, J., filed a
concurring opinion in which Price and Cochran, JJ., joined.


 The trial court refused to allow defense counsel to ask appellant's father if appellant had ever
been placed on felony probation. Appellant subsequently took the stand to testify that he had not
been placed on felony probation before. He was impeached by the State with evidence of extraneous
bad acts, and he was asked whether he accepted the jury verdict of guilt, to which he responded,
"No." The jury sentenced him to 20 years. The Court of Appeals rejected appellant's complaint on
appeal, holding that the father's proffered testimony was inadmissible due to lack of personal
knowledge. (1)

 We granted appellant's petition to address whether the court of appeals's holding was correct,
but in its brief on discretionary review, the State points out a wrinkle in the case: Appellant's father
testified, without objection, that appellant had never been convicted of a felony. The following
occurred:

Q. Sir, how long have you known your son?


A. His whole life.


Q. Okay. Has your son been convicted of any felonies in this or any other state?


A. No.


Q. Has your son been on felony probation?


[PROSECUTOR]: Objection, Your Honor, outside personal knowledge.


THE COURT: Sustained.


Q. Are you familiar with your son's criminal record?


A. Yes.


Q. Has he received probation, felony probation in this or any other state?


[PROSECUTOR]: Objection, Your Honor, outside personal knowledge.


THE COURT: Sustained.


[DEFENSE COUNSEL]: May we approach the bench?


THE COURT: Yes.


(At the Bench, on the record)


[DEFENSE COUNSEL]: I don't understand why he can't testify, Your Honor.


THE COURT: He doesn't live with him the whole time, he hasn't been with him the
whole time.


[DEFENSE COUNSEL]: It goes to the weight, Your Honor, not the credibility.


THE COURT: I sustained the objection.


[DEFENSE COUNSEL]: Yes, sir.


(Open court, defendant and jury present)


Q. Mr. Mansfield, are you asking this jury to put your son on probation?


A. Yes. (2) 


 The State contends that appellant did not need to testify because his father's testimony
"constituted sufficient evidence demonstrating appellant's eligibility for probation pursuant to
Article 42.12, Section 4, of the Texas Code of Criminal Procedure." The State argues that Section
4 "does not expressly or implicitly require that a defendant file a sworn motion that he has not
previously been placed on community supervision in this or any other state" nor does it require "that
a defendant present evidence" to that effect. The State concludes that appellant "had no burden to
plead and prove he had not previously been placed on community supervision."

 What appellant had to plead and prove was that he had never been convicted of a felony. (3) 
Caselaw confirms that a conviction in which (regular) probation is granted is still a conviction for
this purpose, (4) but that does not mean appellant was required to elicit testimony specifically saying
that he had never been on a felony probation. Testimony that he had never been convicted of a
felony would suffice to show that. 

 Appellant points to the Harris County form that he filled out and signed that included check
boxes for both having "never been convicted of a felony in this or any other state" and having "never
been placed on community supervision for a felony offense in this or any other state." It is not clear
that appellant had to use this form. It is, after all, his motion for community supervision. 
Regardless, use of the form does not mean that, in order to establish eligibility for probation, he had
to elicit testimony expressly stating that he had never been on community supervision for a felony
offense. The jury charge contained no such requirement. It simply stated that the jury could
recommend community supervision if it found "that the defendant has never before been convicted
of a felony in this or any other state." 

 So, appellant did not have to take the stand to establish his probation eligibility. His father
had already done so by saying that appellant had never been convicted of a felony. (5) Appellant could
have declined to testify and relied solely upon the testimony he had successfully elicited from his
father to support the submission of the issue of probation. 

 The judgment of the court of appeals is affirmed.


Delivered: March 17, 2010

Publish
1. Mansfield v. State, 2008 WL 2884638, 3-5 (Tex. App.-Houston [14th Dist] July
29)(not designated for publication).
2. Emphasis added.
3. See Tex. Code Crim. Proc. art. 42.12, §4(e); see also art. 37.07, §2(b) & art. 42.12,
§4(d)(3).
4. Ex parte Welch, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998). 
5. Trevino v. State, 577 S.W.2d 242 (Tex. Crim. App. 1979).