**Alfred William BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49673.**

Court of Criminal Appeals of Texas.

Feb. 26, 1975.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

ODOM, Judge.

Appellant was convicted of the offense of aggravated robbery; punishment was assessed by the jury at sixteen years' imprisonment.

The appellant made an application for probation, wherein he swore he had never been convicted of a felony. The trial was had on July 29, 1974. A requested charge on probation was refused by the court. The sole ground of error is that the court erred in its failure to instruct the jury on the issue of probation.

█ The burden of proof is on the appellant to establish his eligibility for probation. Flores v. State, Tex.Cr.App., 487 S. W.2d 122; Brumfield v. State, Tex.Cr. App., 445 S.W.2d 732; Herring v. State, Tex.Cr.App., 440 S.W.2d 649. Cf. Walker v. State, 108 Tex.Cr.R. 190, 299 S.W. 417; Holland v. State, 79 Tex.Cr.R. 529, 187 S. W. 944.

The appellant testified he pled guilty to a different robbery, Cause No. 2253–A, on May 21, 1974, in Randall County, and the case was "on appeal." He argues that since the case was "on appeal," he had never been convicted of a felony and was eligible for probation. The State introduced the indictment, the judgment, an order suspending imposition of sentence placing the appellant on probation, all relating to Cause No. 2253–A. The appellant introduced a notice of appeal for the conviction in Cause No. 2253–A. These records show that the appellant was convicted in that cause on May 21, 1974, but did not give notice of appeal until July 29, 1974, the same date he went to trial in this case.

█ Absent a showing of good cause and appropriate extensions by the trial court, it appears from the record in the instant case that timely notice of appeal was not given in Cause No. 2253–A. Articles 44.08, 44.05, Vernon's Ann.C.C.P. Therefore, the appellant failed to show that the

**438**

conviction in Cause No. 2253–A was properly on appeal.[1] See, e. g., Martinez v. State, Tex.Cr.App., 511 S.W.2d 934.

The Legislature has directed that "In no case shall probation be recommended by the jury except when the sworn motion and *proof shall show* . . . that the defendant has never before been convicted of a felony" (Emphasis added). Article 42.12, Section 3a, V.A.C.C.P. The jury could not have recommended probation in this case because the appellant admitted and the proof shows that he had previously been convicted of a felony. Donald v. Decker, 318 F.Supp. 563 (N.D.Tex.1970). The court properly refused to submit the issue of probation to the jury. Cf. Cherry v. State, Tex.Cr.App., 502 S.W.2d 9; Walker v. State, supra.

Finding no reversible error, the judgment is affirmed.

---

1. Had appellant demonstrated that the prior case was in fact on appeal at the time of trial in the instant case, we would be confronted with a different question, since in the prior case there would not have been a *final* conviction.