Otis Lewis COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 85 286 CR.

Court of Appeals of Texas, Beaumont.

Nov. 19, 1986.

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

A jury found appellant guilty of Burglary of a Habitation. Appellant requested the court assess punishment and pleaded "TRUE" to allegations of two prior convictions. The court assessed punishment at life in the Texas Department of Corrections and entered a finding of the use of a deadly weapon.

Appellant does not challenge the sufficiency of the evidence, but brings five grounds of error. The first two grounds of error complain of the following portion of testimony:

Q. Who did you have a fight with?

A. This guy that—

Q. Leon Rogers, wasn't it?

A. Yes, sir.

Q. Why did Leon Rogers tell the police that he didn't have a fight?

[DEFENSE COUNSEL]: Objection, Your Honor, that—

[PROSECUTOR]: I'll rephrase it.

THE COURT: Rephrase the question.

Q. Do you know why Leon Rogers would tell the police that he did not have a fight with you?

A. Well, I'm sure—They, the police. Maybe he thought I was pressing charges on him. Sure, he'll deny it. Who wouldn't?

Q. Do you know why he would give the police a sworn statement that he did not have a fight—

[DEFENSE COUNSEL]: Objection, Your Honor. That's not in evidence and that's hearsay.

THE COURT: Sustained.

[DEFENSE COUNSEL]: Ask that the jury be instructed to disregard that.

THE COURT: So instructed.

[DEFENSE COUNSEL]: Move for a mistrial.

THE COURT: Denied.

The complaint is that the court erred in failing to grant a mistrial because the state introduced hearsay testimony and a purported fact not in evidence. Any error in asking an improper question or in admitting improper testimony may be cured or rendered harmless by withdrawal of such testimony and an instruction to disregard unless the question or evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest impossibility of withdrawing the impression produced on their minds. *Guzmon v. State*, 697 S.W.2d 404 (Tex.Crim.App.1985); *Franklin v. State*, 693 S.W.2d 420 (Tex. Crim.App.1985). Further, in determining whether a jury instruction is sufficient to cure error, the facts of each particular case must be noted. *Gonzales v. State*, 685 S.W.2d 47 (Tex.Crim.App.1985).

In this case, the complainant had identified appellant in the courtroom as her assailant, and remembered most vividly hitting her assailant in the head with an object. Appellant testified he was not the assailant, but received a head wound in a separate incident. It is clear the state was attempting to place before the jury the fact that appellant's alibi combatant had denied fighting with or causing appellant's injuries. This attempt was improper. However, in this instance, we find the instruction was sufficient to cure any error. Grounds of error numbers one and two are overruled.

Ground of error number three alleges the trial court erred in admitting into evidence certain medical records. These were emergency room records concerning appellant's head wound. Appellant objected to the introduction of the records because they constituted hearsay and the statutory prerequisites for being on file had not been met. The main thrust of appellant's argument is the latter point. The state argues that the objections are too general and have not preserved any error. While the objection should have been more definite, we believe it fairly put the trial court on notice.

Appellant urges this court to adopt the rule that the 14-day requirement of *TEX. REV.CIV.STAT.ANN. art. 3737e, sec. 5*

(Vernon Supp.1986), is mandatory.[1] As authority, he cites, *Chemical Bank v. Commercial Industries Service Co., Inc.,* 662 S.W.2d 802 (Tex.App.—Houston [14th Dist.] 1983), *writ ref'd n.r.e.,* 668 S.W.2d 336 (Tex.1984).

■ The Court of Criminal Appeals in *Granviel v. State,* 552 S.W.2d 107 (Tex. Crim.App.1976), reaffirmed their earlier decision in *Coulter v. State,* 494 S.W.2d 876 (Tex.Crim.App.1973), which held *art. 3737e* applicable to criminal cases. In keeping with its decision that the statute should be liberally construed but not mechanistically applied, the court specifically noted that, "Admission or exclusion of hospital records is not reversible error in absence of a showing of harm to the complaining party." *Granviel* at 122. The defendant did not demonstrate such harm. We are, therefore, constrained to overrule this ground of error.

The last two grounds of error contend the trial court was without authority to make a finding of the use of a deadly weapon and to include such a finding in the judgment. *Easterling v. State,* 710 S.W.2d 569 (Tex.Crim.App.1986) and *Ex parte Grabow,* 705 S.W.2d 150 (Tex.Crim.App.1986). The state agrees with this contention, therefore, these grounds are sustained.

The judgment of the trial court is affirmed insofar as appellant's conviction, but reformed to delete that portion wherein an affirmative finding of the use of a deadly weapon was made.

AFFIRMED AND REFORMED.

1. For trials after September 1, 1986, *TEX.R. CRIM.EVID. 902(10)(a),* mandates a 14–day pre-trial filing.