**Albert J. BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–94–00564–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 19, 1996.

Rehearing Overruled Jan. 9, 1997.

Tony Aninao, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## CORRECTED OPINION

AMIDEI, Justice.

Albert Butler appeals his conviction by a jury for aggravated assault with a deadly weapon. The trial court assessed his punishment at five years imprisonment, enhanced

by one prior felony conviction. In five points of error, appellant contends: (1) the trial court erred in admitting medical records of the complainant into evidence, (2) the trial court erred in admitting hearsay into evidence, (3) the trial court erred in admitting evidence of an extraneous offense, (4) appellant received ineffective assistance of counsel and, (5) the trial court erred in finding a deadly weapon was used. We affirm.

On March 14, 1993, Karen Patrick was visiting her boyfriend, Don Ray Victoria, at his apartment. Victoria and Karen were arguing about Karen's daughter, Mickey, not paying rent and dating appellant. Appellant intervened and told Victoria he was running his mouth too much. Appellant kicked Victoria in the back and then left the apartment. Victoria went to a neighbor's apartment and called the police. Victoria returned to his apartment and appellant was waiting for him. Victoria went into his bathroom and appellant followed. Appellant asked why he called the police and then knocked Victoria into his bathtub. Appellant then left the bathroom and returned with a baseball bat. Appellant beat Victoria with the bat and told him never to call the police on him again. Victoria was bleeding about his head and face and appellant then cut Victoria's right ear with a pocket knife. Appellant then forced Victoria into the bathtub and made him turn the water on. Appellant continued beating on Victoria with the bat and then held Victoria under water for about thirty seconds until Victoria pretended to be dead. Appellant then left the apartment and Karen called for an ambulance. Officer Neil Maurer was dispatched to the apartment and found appellant standing in a breezeway between two apartments. Officer Maurer testified that appellant was intoxicated and told Officer Maurer that he had not beaten anyone. Officer Maurer placed appellant in the back seat of a patrol car and appellant became violent and kicked the rear door out of the patrol car.

Victoria was treated for injuries to his head, back, neck, and legs and spent one night in the hospital. Victoria returned home the next day and appellant again threatened Victoria and also offered to give him an automobile and some drugs if he would not appear in court.

In point of error one, appellant contends the trial court erred in admitting Victoria's hospital records into evidence. He argues the state did not notify the defense at least fourteen days before trial of its intention to use the records in evidence at the trial. He contends the failure to give notice violates rule 902(10)(a), Texas Rules of Criminal Evidence (Vernon 1995). Rule 902(10)(a), Texas Rules of Criminal Evidence, is based on and is substantially the same as former article 3737e, section 5, of the Texas Revised Civil Statutes Annotated, repealed by the Texas Rules of Criminal Evidence effective September 1, 1986. Rule 902(10)(a) provides, in pertinent part:

**(10) Business Records accompanied by affidavit:**

(a) *Records or photocopies; admissibility; affidavit; filing.* Any record ... admissible under Rule 803(6) or (7) [records of regular conducted activity] shall be admissible upon the affidavit of the person who would otherwise provide the prerequisites of Rule 803(6) or (7) [custodian or qualified witness], that such records ... were in fact kept as required ... provided further, that such ... records along with such affidavit are filed with the clerk of the court ... at least fourteen days prior to ... trial ... and provided the other parties to said cause are given prompt notice by the party filing same ... and such records shall be made available to the counsel for other parties.... Notice shall be deemed to have been promptly given if it is served in the manner contemplated by Rule 21a, Texas Rules of Civil Procedure, fourteen days prior to commencement of trial in said cause.

The state offered into evidence Victoria's hospital records reflecting treatment for his injuries, which records were duly authenticated by the affidavit of Demetra Lewis, custodian of the records. Appellant's counsel objected on the ground that he did not get the fourteen days notice required by the rule. The objection was, "I don't believe I've been notified that that was on file, your Honor." The court asked appellant's counsel, "Could

you have been notified and not recall?" Appellant's counsel answered, "That's possible, your Honor, but I don't believe I was notified. There's nothing in my file to indicate I was notified." Appellant's counsel then told the court that the rule requires notice in the manner contemplated by rule 21a. The court asked counsel, "What does Rule 21a Civil Rules of Procedure say?" Appellant's counsel replied, "I'm not familiar with that rule, your Honor, and I do not have a copy of it with me." The court admitted the records into evidence.

Appellant's counsel did not specifically state he had not been notified. He stated that notification was possible, but he could not recall being notified. Rule 21a, Texas Rules of Civil Procedure, provides four methods of notification, (1) actual delivery, (2) delivery by certified or registered mail, (3) delivery by telephonic document transfer or, (4) court order. There is no evidence that appellant's counsel did not receive the fourteen day notice by one of these means.

▇▇▇ In general, rule 103(a)(1), Texas Rules of Criminal Evidence, and rule 52(a), Texas Rules of Appellate Procedure, govern preservation of error concerning the admission of evidence in criminal cases. Combined, these rules state that if, on appeal, a defendant claims the trial judge erred in admitting evidence offered by the State, this error must have been preserved by a proper objection and a ruling on that objection. The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was actually admitted. The defense must have stated specifically the basis for the objection unless the particular ground was apparent from the context. The trial judge must have overruled the objection. Error cannot be predicated upon a trial judge's ruling that admits or excludes evidence unless "a substantial right of the party is affected." *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991). Appellant has waived his complaint of trial court error in the admission into evidence of Victoria's hospital records. *Id.* at 858; *Granviel v. State*, 552 S.W.2d 107, 121–22 (Tex.Crim. App.1976).

In *Granviel*, the appellant made a similar contention on appeal that medical records were not admissible because article 3737e, Section 5, Texas Revised Civil Statutes Annotated (now, rule 902(10)(a), Texas Rules of Criminal Evidence) was not complied with in that it requires the records to be on file fourteen days before trial. Appellant had objected to the admission of the records "on the grounds of hearsay." The trial court overruled appellant's objection and admitted the records. Appellant's counsel made further objections to the state's reading the affidavit and portions of the records to the jury on the grounds that some of the material in the records was "conclusions—and hearsay." The *Granviel* court found that appellant's objections were too general and untimely without stating specific grounds and pointing them out to the court. *Id.* at 121.

The *Granviel* court reaffirmed its earlier decision in *Coulter v. State*, 494 S.W.2d 876, 883 (Tex.Crim.App.1973) which held former article 3737e applicable to criminal cases and further held: "The statute permitting the admission of such records should be liberally construed but not mechanistically applied." The *Granviel* court specifically held: "Admission or exclusion of hospital records is not reversible error in absence of a showing of harm to the complaining party." *Id.* at 122. Appellant has not demonstrated any harm in this case. *Id.* at 122. *See also Cook v. State*, 720 S.W.2d 867 (Tex.App.—Beaumont 1986, no writ). We overrule appellant's point of error one.

▇▇▇ In point of error two, appellant claims the trial court erred in admitting hearsay testimony. The prosecutor asked Officer Maurer if he spoke to Victoria regarding the incident. Officer Maurer replied, "Briefly, he told me Albert hit him with a baseball bat." Appellant's counsel objected to the answer as hearsay and non-responsive. The trial court sustained his objection, instructed Officer Maurer not to "say what anybody told you," and further instructed the jury to disregard the question of the prosecutor and the answer of Officer Maurer. The trial court overruled appellant's motion for mistrial.

In *Gardner v. State,* 730 S.W.2d 675, 696 (Tex.Crim.App.1987), *cert. denied,* 484 U.S. 905, 108 S.Ct. 248, 98 L.Ed.2d 206 (1987), the court stated:

> In the vast majority of cases in which argument is made or testimony comes in, deliberately or inadvertently, which has no relevance to any material issue in the case and carries with it some definite potential for prejudice to the accused, this Court has relied upon what amounts to an appellate presumption that an instruction to disregard the evidence will be obeyed by the jury.
>
> \*      \*      \*      \*      \*      \*
>
> This is true "except in extreme cases where it appears ... evidence is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on their minds."

*Id.* at 696.

We find the trial court's instruction to the jury to disregard was sufficient to cure any harm that may have been derived from the unresponsive answer of Officer Maurer. *Id.* at 696. We overrule point of error two.

In point of error three, appellant contends the trial court erred in admitting evidence that appellant kicked out the door of the police car after his arrest. He argues that this evidence is inadmissible as evidence of an extraneous act that was not relevant to any contested matter in litigation. The state contends that the circumstances of the arrest were relevant to the issue of appellant's state of mind at or near the time of offense in that such acts show appellant's capacity for violence during the assault on Victoria.

Appellant denied assaulting anyone when he was initially confronted by Officer Maurer. Two of appellant's witnesses, Brenda Henry and Candy Hodges, testified they observed Karen and Victoria fighting on the day of the assault. Another witness for appellant, Lester Spiller, testified that he and appellant had been rabbit hunting on the day of the offense. Appellant did not testify. Appellant's entire defense was a denial of any participation in the assault and a claim that some other person had committed the assault. Appellant's trial counsel cross-examined Karen and Victoria about fighting between them and both Karen and Victoria denied fighting on the day of the assault. Defense counsel's examination of appellant's witnesses, Brenda Henry and Candy Hodges, stressed the fact that Victoria was drunk on the day of the assault and that Karen and Victoria were fighting and arguing.

On direct examination by the state, Officer Maurer testified he was dispatched to the scene to investigate the assault and arrived within five minutes of the dispatcher's call. Officer Maurer testified that after Victoria was taken to the hospital he started looking for appellant and found appellant standing in a breezeway in the apartment project. Officer Maurer testified appellant had blood on his tee shirt and he appeared intoxicated. Officer Maurer asked appellant, "What's going on?" and appellant told the officer he had not beaten anybody up and didn't know what the officer was talking about. Officer Maurer had not mentioned anything to appellant about Victoria's assault at that point. Officer Maurer suspected appellant was the offender from the description furnished him and arrested appellant. Officer Maurer put appellant in the patrol car and asked him for identification. Appellant gave the officer a false name and birth date. Before the state could ask Officer Maurer about appellant's kicking the door, appellant's counsel objected to further questioning by the state as to the events occurring in the police car after appellant had been arrested on the grounds that such testimony would be irrelevant. The state responded to the objection telling the court that she was going to develop a line of questioning that was relevant "as to the res gestae of the offense and also to the defendant's state of mind." Appellant's counsel objected that such testimony was "highly prejudicial." The court overruled appellant's counsel and allowed testimony from Officer Maurer about appellant's violent behavior and kicking out the rear door of the police car. The prosecutor then introduced photographs of appellant sitting in the car and the damaged door of the police car. Appellant's counsel again objected that none of this evidence was relevant to the attack on Victoria

and second, "that any relevance or any probative value it might have is outweighed by the prejudicial effect it's going to have on the jury." The state responded and stated to the court that the photographs were relevant because appellant was going to raise an alibi issue that he was hunting rabbits. The photograph's were admitted into evidence.

A trial judge has broad discretion in admitting or excluding evidence. Only when a trial court has abused its discretion should an appellate court conclude that the ruling was erroneous. *Montgomery v. State,* 810 S.W.2d 372, 390–91 (Tex.Crim.App.1991) (op. on reh'g).

Before evidence is admissible, it must be relevant as defined by rule 401, Texas Rules of Criminal Evidence. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." TEX.R.CRIM. EVID. 401; *Montgomery,* 810 S.W.2d at 386; *see also Mayes v. State,* 816 S.W.2d 79, 84 (Tex.Crim.App. 1991) (relevant evidence is any evidence which influences facts that have something to do with the ultimate determination of guilt or innocence in a particular case). In determining relevancy, the courts look at the purpose for offering the evidence and whether there is a direct or logical connection between the offered evidence and the proposition to be proved. So long as there is any reasonable logical nexus, the evidence will pass the relevancy test. *Fletcher v. State,* 852 S.W.2d 271, 276–77 (Tex.App.—Dallas 1993, pet. ref'd).

Rule 404 prohibits the circumstantial use of character evidence. TEX.R.CRIM. EVID. 404(a); *Montgomery,* 810 S.W.2d at 386. Rule 404 also prohibits the admission of evidence of other crimes, wrongs, or acts "to prove the character of a person in order to show that he acted in conformity therewith." Rule 404(b); *Montgomery,* 810 S.W.2d at 386. This type of evidence, however, may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Further, the purposes designated in rule 404(b) are "neither mutually exclusive nor collectively exhaustive." *Montgomery,* 810 S.W.2d at 388; *see also Albrecht v. State,* 486 S.W.2d 97, 100 (Tex.Crim.App. 1972).

While such evidence may be determined by the trial court to be admissible under rule 404(b), the same evidence may nevertheless be excluded if the trial court determines, in its discretion, that the probative value of such evidence is substantially outweighed by unfair prejudice. TEX.R.CRIM. EVID. 403. However, the trial court need not engage in this balancing test unless the opponent of the evidence further objects based upon rule 403, that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. *Id.* We find that appellant properly made a rule 403 objection which required the trial court to make a determination whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof. *Montgomery,* 810 S.W.2d at 389. Furthermore, when the trial court is called upon by sufficient objection to balance probativeness and prejudice, a presumption exists favoring probativeness. *Id.; see also McFarland v. State,* 845 S.W.2d 824, 837 (Tex.Crim.App.1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). Once a rule 403 objection has been raised, the trial court has no discretion as to whether or not to engage in the balancing process. *Montgomery,* 810 S.W.2d at 389.

In our review of the trial court's balancing-test determination, we will reverse the judgment of the trial court "rarely and only after a clear abuse of discretion." *Id.* at 392. The court of criminal appeals in *Montgomery* held:

> Therefore, we hold that where relevant criteria, viewed as objectively as possible, lead to the conclusion that the danger of unfair prejudice substantially outweighed the probative value of the proffered evidence, the appellate court should declare that the trial court erred in failing to exclude it. Relevant criteria gleaned from

the authorities include, *inter alia*, that the ultimate issue was not seriously contested by the opponent; that the State had other convincing evidence to establish the ultimate issue to which the extraneous misconduct was relevant; that the probative value of the misconduct evidence was not, either alone or in combination with other evidence, particularly compelling; that the misconduct was of such a nature that a jury instruction to disregard it for any but its proffered purpose would not likely have been efficacious.

*Id.* at 392–93.

■ Appellant complains that the probative value of the evidence is substantially outweighed by its prejudicial nature and the state had no need to for this evidence to make its case since it had the testimony of Karen and Victoria. We disagree.

Appellant's entire defensive theory in this case was he did not assault Victoria. By his cross-examination of Karen and Victoria, he attempted to have them admit that they were fighting and that Victoria's injuries arose out of a fight between them. Appellant's witness Lester Spiller testified he and appellant were hunting rabbits. Appellant claimed the blood on his tee shirt was rabbit blood. Based on the nature of the appellant's defensive theory, we conclude that appellant's violent behavior when he was arrested soon after the assault was relevant to his state of mind and his knowledge of his assault on Victoria. His aggressive manner with the police officers in the patrol car was consistent with his earlier actions towards Victoria. The state knew that appellant's defense was based on denial of the assault and an attempt to establish an alibi (rabbit hunting with Spiller). The actions of appellant in giving false identification to the police officer after his arrest and while sitting in the patrol car followed by the violent outburst resulting in appellant kicking out the door to the patrol car indicate a guilty knowledge of the assault and refute the defensive theory of innocence by alibi.

So long as the trial court operates within the boundaries of its discretion, "an appellate court should not disturb its decision, whatever it may be." *Montgomery,* 810 S.W.2d at 390. In other words, as long as the trial

court's ruling is within the zone of reasonable agreement, an appellate court will not disturb that ruling. *Id.* at 391. The trial court in this case may reasonably have believed the testimony was relevant to show appellant's knowledge that a crime had been committed and that he was a likely suspect. This would illustrate to the trial court that the offered evidence has relevance apart from or beyond character conformity. *Id.* The state likewise demonstrated the need for such evidence to refute the defensive theory of appellant. In determining the admissibility of extraneous offense evidence on appeal we review not only the relevance of that evidence, but the state's need for it as well. *Id.* at 392. Without some additional evidence of knowledge and state of mind on the part of appellant, the state would have to rely on only the victim's testimony that he was assaulted by appellant and Karen's testimony about the event. With some evidence of having been at another place with Lester Spiller, hunting rabbits, together with the testimony of appellant's witnesses concerning the fights between Karen and Victoria, the state showed need of some independent evidence other than testimony of interested witnesses to prove appellant's guilt. Without this independent evidence, the jury could have found reasonable doubt as to appellant's guilt. We find the state had a compelling need to show the extraneous act of kicking out the door of the patrol car to prove appellant's knowledge of his actions in assaulting Victoria. If such independent evidence was excluded, the jury would have had only evidence from the victim and his girl friend which may have been effectively countered with appellant's alibi defense and witness testimony to fighting between Karen and Victoria. We hold the trial court did not abuse its discretion in admitting the evidence of the extraneous acts of appellant in kicking out the door of the patrol car as the probative value of the evidence substantially outweighed any danger of unfair prejudice. TEX.R.CRIM. EVID. 403; *Montgomery,* 810 S.W.2d at 391–393. We overrule appellant's point of error three.

■ In point of error four, appellant contends he received ineffective assistance of counsel at the punishment phase because

counsel failed to file an election to have the jury assess his punishment and failed to file a motion for probation.

The record contains an unsworn motion signed by appellant and his trial counsel wherein he specifically requests the court to assess his punishment in the event he is found guilty by the jury. There is nothing in the record to indicate his reasons for requesting the court to assess punishment as opposed to the jury assessing his punishment. At the punishment phase of the trial before the court, appellant's trial counsel asked the court to "assess a probated sentence in this case." He also asked the court to consider the minimum punishment should the court decide "incarceration would be more appropriate." The record does not contain a sworn motion for probation signed by appellant pursuant to article 42.12, section 4(e), Texas Code of Criminal Procedure.

Appellant argues that trial counsel's argument to the court for probation "reveal a total lack of comprehension of the basic Texas rules and statutes regarding eligibility for felony probation." Appellant admits in his brief that since appellant had a prior felony conviction for aggravated assault he was ineligible as a matter of law for felony probation from the trial court and that the court could not grant probation even if appellant had applied. Appellant contends the only possible method by which he could have been considered for felony probation was if he had filed a sentencing election to the jury along with his sworn application for probation swearing under oath that he had never before been convicted of a felony as provided in section article 37.07, section 2(b), Texas Code of Criminal Procedure.

Appellant was not eligible for probation because he had a prior felony conviction in 1987 for aggravated assault. *Baker v. State,* 519 S.W.2d 437, 438 (Tex.Crim.App.1975). In *Baker,* appellant made an application for probation, wherein he swore he had never been convicted of a felony. A requested charge on probation was refused by the trial court because appellant was ineligible for probation. Appellant had been previously convicted of a different robbery but contended that case was "on appeal." The court of

criminal appeals found that his notice of appeal was untimely and therefore, appellant failed to show that the conviction was properly on appeal. *Id.* at 437–38. The court concluded, "The jury could not have recommended probation in this case because the appellant admitted and the proof shows that he had previously been convicted of a felony." *Id.* at 438. In this case, an application for probation would have been futile since appellant had a prior felony conviction. Also, for appellant to file a sworn application for probation, swearing under oath that he had no prior felony convictions, would risk possible prosecution for aggravated perjury under section 37.03, Texas Penal Code.

▮▮▮▮ The effectiveness of counsel at the punishment stage of the trial is judged under the Sixth Amendment standard, that is, reasonably effective assistance of counsel. *Ex Parte Duffy,* 607 S.W.2d 507, 516 (Tex. Crim.App.1980). The sufficiency of an attorney's representation, retained or appointed, is gauged by the totality of his representation of the accused, and not by hindsight. *Ex Parte Cruz,* 739 S.W.2d 53, 58 (Tex.Crim. App.1987). The question is not whether appellant received errorless counsel; rather, it is whether appellant received reasonably effective assistance. *Id.* Each case must be reviewed based upon its individual facts and circumstances. *Ex parte Gallegos,* 511 S.W.2d 510, 511 (Tex.Crim.App.1974).

▮▮▮ Where an appellant claims counsel was ineffective because he misunderstood the law regarding probation pursuant to article 42.12, section 3g and 4(e), Texas Code of Criminal Procedure, more must be apparent from the record than trial counsel's mere mistake. "There must be evidence that the defendant was initially eligible to receive probation, that counsel's advice to go to the trial judge for sentencing was not given as part of a valid trial strategy, that the defendant's decision to have the judge assess punishment was based on his attorney's erroneous advice, and that the defendant's decision would have been different" if his attorney had correctly informed him of the law. *State v. Recer,* 815 S.W.2d 730, 731–32 (Tex.Crim.App.1991).

An assertion of ineffective assistance of counsel will be sustained only if the record affirmatively supports such a claim. *Ex parte Ewing,* 570 S.W.2d 941, 943 (Tex.Crim. App.1978). In reviewing an ineffective assistance claim, a reviewing court cannot reverse based upon *speculation.* *Ortiz v. State,* 866 S.W.2d 312, 316 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). In this case, the record indicates that appellant had a prior conviction for aggravated assault. Therefore, if he had elected jury punishment, he would have been precluded from receiving probation. TEX.CODE CRIM. PROC. ANN. Art. 42.12, section 4(e) (Vernon 1991). However, by choosing to have the trial judge sentence him, it was possible that, if the jury had not entered an affirmative finding of a deadly weapon, the court could have granted him probation under article 42.12, section 3, Texas Code of Criminal Procedure (now, article 42.12, section 3(a)). *Recer,* 815 S.W.2d at 732.

The record reflects that trial counsel and appellant requested court sentencing, the only possible means for probation. When the trial court made the affirmative finding of a deadly weapon, appellant was precluded from receiving probation. In hopes of winning probation for appellant, counsel argued that probation was the best punishment for him. The record does not reflect the reasons appellant's counsel elected to have the trial judge assess the punishment, nor does it reflect that his sentencing election would have been different had he been informed of the legal impact of an affirmative finding. We find appellant's trial counsel rendered effective assistance to appellant during the punishment phase of his trial. *Recer,* 815 S.W.2d at 732. We overrule appellant's point of error four.

■ In point of error five, appellant contends the trial court erred by entering an affirmative finding of a deadly weapon where no special issue was submitted to the jury and the jury did not find the defendant "guilty as charged in the indictment." Appellant argues the verdict form attached to the jury instructions provides "... guilty of aggravated assault" and does not correctly state " ... guilty of aggravated assault as charged in the indictment." Therefore, appellant argues that the trial court erred in entering an affirmative finding of a deadly weapon in the judgment pursuant to article 42.12, section 3g(a)(G)(2), Texas Code of Criminal Procedure. We disagree.

The indictment charged appellant with the lesser included offense of aggravated assault "by using a deadly weapon, namely, a BAT." The jury instructions clearly provided in the application paragraph that if the jury found that appellant caused bodily injury to Victoria "by using a deadly weapon, namely, a bat, then you will find the defendant guilty of aggravated assault." The verdict form attached to the jury instructions allowed the jury to find appellant not guilty, guilty of "attempted murder, as charged in the indictment," "guilty of aggravated assault," or "guilty of assault." The jury found the appellant guilty of aggravated assault. The verdict form did not provide for "guilty of aggravated assault *as charged in the indictment*" (emphasis added). The Honorable Carl Walker, Jr., presided over both the guilt-innocence stage of the trial ( by the jury) and the punishment stage of the trial (by the trial judge). Appellant and his trial counsel elected to have punishment assessed by the court.

■ Generally, the trial court may properly enter an affirmative finding on the use of a deadly weapon when the indictment alleges the use of a deadly weapon, the weapon is deadly per se, or the jury affirmatively answers a special issue on the use of a deadly weapon. *Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim.App.1985). When the punishment hearing is held before the trial judge, the trial judge is the trier of fact as to punishment issues. An affirmative finding can be found by the trial court when the facts show, and he believes, that the defendant himself used or exhibited a deadly weapon, even if the jury has not answered a special issue. *Fann v. State,* 702 S.W.2d 602, 604–05 (Tex.Crim.App.1985) (opinion on reh'g); *Flores v. State,* 690 S.W.2d 281, 283 (Tex. Crim.App.1985). This is true even if the state did not reoffer the evidence adduced at the guilt/innocence stage, as long as the judge assessing punishment is the same

judge who presided at trial. *Pritchett v. State*, 874 S.W.2d 168, 172 (Tex.App.—Houston [14th Dist.] 1994, pet ref'd). Since the punishment stage of the trial was before the same trial judge, and not the jury, we find that the trial court had authority to make the affirmative finding of a deadly weapon because the court was the trier of fact at the punishment stage. *Fann*, 702 S.W.2d at 605. We overrule appellant's point of error five.

The judgment of the trial court is affirmed.