NUMBER 13-02-426-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




PETER HANSEN WHEATON,                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 36th District Court
of San Patricio County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Memorandum Opinion by Justice Castillo

         The trial court convicted Peter Hansen Wheaton of deadly conduct.


 It
sentenced him to four years imprisonment in the Institutional Division of the Texas
Department of Criminal Justice, suspended the sentence, and placed him on
community supervision for four years. By two issues, Wheaton challenges the legal
and factual sufficiency of the evidence. We affirm. 
I. FACTS
         Wheaton is an admitted alcoholic. On October 27, 2001, he had been on a
binge for three days.


 About 5:00 that evening, Wheaton was in his bedroom. 
Mrs. Wheaton was in the living room. She heard a gunshot from the direction of
Wheaton's bedroom. The bullet pierced the wall between the bedroom and the living
room. Mrs. Wheaton called 911 for assistance. Carrying a pistol, Wheaton left his
room and came into the living room, where Mrs. Wheaton was speaking with
the 911 dispatcher. Wheaton told Mrs. Wheaton not to contact the police. 
Mrs. Wheaton replied that she had not done so, then told the 911 dispatcher she was
not in need of assistance. However, a police unit already had been dispatched. When
the officers arrived, Mrs. Wheaton started to open the front door. Wheaton pointed
the gun at her and threatened, "If you open that door, you're dead." 
         Wheaton returned to his room. Mrs. Wheaton left the house. One of the first
peace officers to arrive testified Mrs. Wheaton appeared visibly upset when she came
outside. Another officer testified he heard a man yelling inside the house after
Mrs. Wheaton left. The man repeated three times, "I'm going to kill you." 
         The officers barricaded the house and waited. They repeatedly tried to contact
Wheaton by telephone and megaphone throughout a six-hour stand-off, but he refused
to communicate with them. Finally, officers entered the house and arrested Wheaton
without further incident. 
         When the officers took Wheaton into custody, he told them they should have
shot him. He said he wanted to die and that he could have killed them at any time. 
         One of the officers testified Mrs. Wheaton told him she was walking out of the
bedroom into the living room when she heard the shot fired. The officer testified that
the bullet would have struck a person walking near the wall into which the firearm
discharged. 
         During the punishment phase, Wheaton testified he was unloading the pistol
when it accidentally discharged. He denied pointing the weapon in his wife's direction. 
A forensics officer testified the gun was fully loaded except for one spent round. 
II. SUFFICIENCY STANDARDS OF REVIEW
A. Legal Sufficiency
         In analyzing the legal sufficiency of the evidence following a nonjury trial, we
review the evidence in the light most favorable to the judgment of conviction to
determine whether a rational trier of fact could have found beyond a
reasonable doubt all the essential elements of the offense charged. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Gonzalez v. State, 954 S.W.2d 98, 100 (Tex.
App.–San Antonio 1997, no pet.); see Swearingen v. State, 101 S.W.3d 89, 95 (Tex.
Crim. App. 2003); see also Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000).  We consider all the evidence that sustains the conviction, whether
properly or improperly admitted or whether introduced by the prosecution
or the defense, in determining the legal sufficiency of the evidence. Conner v.
State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001); Nickerson v.
State, 810 S.W.2d 398, 400 (Tex. Crim. App. 1991). Similarly, in reviewing the legal
sufficiency of the evidence following a nonjury trial, we look to all of
the evidence introduced during either stage of the trial. See De Garmo v.
State, 691 S.W.2d 657, 661 (Tex. Crim. App. 1985). 
         We measure the legal sufficiency of the evidence in a nonjury trial
against the elements of the offense as modified by the charging instrument. See
Westfall v. State, 970 S.W.2d 590, 595 (Tex. App.–Waco 1998, pet. ref'd) ("For the
time being, we do not presume that this 'hypothetically correct jury charge' is
applicable in bench trials."); see also Gonzalez, 954 S.W.2d at 100; Johnson v. State,
882 S.W.2d 39, 41 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd); accord, Ward
v. State, 829 S.W.2d 787, 795 (Tex. Crim. App. 1992) (holding evidence insufficient
under indictment when State's attempted amendment to indictment failed). When a
statute lists more than one method of committing an offense, and the indictment
alleges some, but not all, of the statutorily listed methods, the State is limited to the
methods alleged. Fuller v. State, 73 S.W.3d 250, 255 (Tex. Crim. App. 2002) (Keller,
P.J., concurring); see Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000). 
         If we reverse a criminal case for legal insufficiency following a nonjury trial, we
reform the judgment to reflect conviction for a lesser offense only if we find that the
evidence is sufficient to support a conviction on that basis. See Collier v.
State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999) (plurality op.) (discussing
circumstances under which court of appeals may reform judgment following jury trial
to reflect conviction for lesser offense); see also Bigley v.
State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (clarifying same). Otherwise,
we vacate the judgment of conviction for legal insufficiency and order a judgment of
acquittal. See Swearingen, 101 S.W.3d at 95. 
B. Factual Sufficiency
         We also measure the factual sufficiency of the evidence in a bench trial against
the elements of the offense as modified by the charging instrument. See Adi v. State,
94 S.W.3d 124, 131 (Tex. App.—Corpus Christi 2002, pet. ref'd) (discussing
application of "hypothetically correct jury charge" analytical construct in context of
factual-sufficiency review). We are constitutionally empowered to review the
judgment of the trial court to determine the factual sufficiency of the evidence used
to establish the elements of the charged offense. See Johnson, 23 S.W.3d at 6. In
determining the factual sufficiency of the elements of the offense, we view all the
evidence neutrally, not through the prism of "the light most favorable to the
prosecution." Id. at 6-7 (citing Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996)). We set aside a finding of guilt only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. Id. at 7. A clearly wrong and unjust finding of guilt is "manifestly
unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v.
State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998). 
         In conducting a factual-sufficiency review, we review the fact finder's weighing
of the evidence. Johnson, 23 S.W.3d at 7 (citing Clewis, 922 S.W.2d at 133). We
review the evidence that tends to prove a material disputed fact and compare it with
evidence that tends to disprove it. Johnson, 23 S.W.3d at 7. We are authorized to
disagree with the fact finder's determination. Id. However, we approach a factual-sufficiency review with appropriate deference to avoid substituting our judgment for
that of the fact finder. Id. Our evaluation should not intrude substantially on the fact
finder's role as the sole judge of the weight and credibility given to witness
testimony.  Id. 
         We always remain aware of the fact finder's role and unique position, a position
we are unable to occupy. Id. at 9. Exercise of our authority to disagree with the fact
finder's determination is appropriate only when the record clearly indicates our
intervention is necessary to stop manifest injustice. Id. Otherwise, we accord due
deference to the fact finder's determinations, particularly those concerning the weight
and credibility of the evidence. Id. 
         Every fact need not point directly and independently to the accused's guilt. 
Vanderbilt v. State, 629 S.W.2d 709, 716 (Tex. Crim. App. 1981). A finding of guilt
may rest on the combined and cumulative force of all the incriminating circumstances.
Id. We reverse a judgment of conviction only if: (1) proof of guilt is so obviously
weak as to undermine confidence in the fact finder's determination; or (2) proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. 
Swearingen, 101 S.W.3d at 97. Which standard applies generally depends on
whether the complaining party had the burden of proof at trial. Zuliani v.
State, 97 S.W.3d 589, 593 (Tex. Crim. App. 2003). If the accused did not have the
burden of proof at trial, then the first or "manifestly unjust" standard applies. Id. If
the accused had the burden of proof at trial, then the second or "against the great
weight and preponderance" standard applies. Id. 
         In conducting a factual-sufficiency review in an opinion, we "show
our work" when we consider and address the appellant's main argument for
urging insufficiency of the evidence. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim.
App. 2003); Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001);
Johnson, 23 S.W.3d at 9; Manning v. State, 112 S.W.3d 740, 747 n.4 (Tex.
App.–Houston [14th Dist.] 2003, no pet. h.); see Tex. R. App. P. 47.1. This practice
benefits the parties, maintains the integrity of the justice system, and improves
appellate practice.  Sims, 99 S.W.3d at 603; Manning, 112 S.W.3d at 747. If we
reverse a criminal case for factual insufficiency, we vacate the judgment of conviction. 
Clewis, 922 S.W.2d at 133-34. We remand for a new trial a criminal case reversed
for factual insufficiency, so a second fact finder has the chance to evaluate the
evidence. Swearingen, 101 S.W.3d at 97. 
III. APPLICABLE LAW
A. The Elements of Deadly Conduct as Limited by the Indictment

         The State charged Wheaton with "knowingly discharg[ing] a firearm at or in the
direction of an individual, namely, Frances Sue Wheaton," who is Wheaton's wife. As
limited by the indictment, therefore, the elements of the offense against which
we measure legal sufficiency in this case are that Wheaton: (1) knowingly
(2) discharged a firearm (3) at or in the direction of (4) Frances Sue Wheaton. See
Tex. Pen. Code Ann. § 22.05(b)(1) (Vernon 2003); see also Honeycutt v.
State, 82 S.W.3d 545, 548 (Tex. App.–San Antonio 2002, pet. ref'd). 
B. Knowledge and Intent
         A person acts knowingly with respect to the nature of the conduct
or to circumstances surrounding the conduct when the accused is aware of
the nature of the conduct or that the circumstances exist. Tex. Pen. Code
Ann. § 6.02(b) (Vernon 2003); Donoho v. State, 39 S.W.3d 324, 328 (Tex.
App.–Fort Worth 2001, pet. ref'd) (op. on reh'g). Deadly conduct is not a result-oriented offense. Ford v. State, 38 S.W.3d 836, 845 (Tex. App.–Houston [14th
Dist.] 2001, pet. ref'd). Therefore, proof that Wheaton knowingly engaged in the
prohibited conduct is sufficient to sustain his conviction. See id. The State was not
required to prove a specific result. See id. 
         A fact finder may infer knowledge from the acts, words, and
conduct of the accused and from the circumstances surrounding the acts in which the
accused engaged. Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991);
Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. [Panel Op.] 1978). An accused
rarely facilitates conviction by admitting to the requisite knowledge. It seldom is
possible to prove by direct evidence what an accused knew at the time of the incident. 
Thus, the fact finder usually must infer knowledge from circumstantial
evidence rather than direct proof. See Gardner v. State, 736 S.W.2d 179, 182 (Tex.
App.–Dallas 1987), aff'd, 780 S.W.2d 259 (Tex. Crim. App. 1989); see also
Hernandez, 819 S.W.2d at 810; Dillon, 574 S.W.2d at 94-95. Further, the fact finder
may draw an inference of guilt from the accused's acts, words, and conduct before,
during, and after the incident. See Felder v. State, 848 S.W.2d 85, 98 (Tex. Crim.
App. 1992) (presentation of false identification during arrest indicated "consciousness
of guilt" and awareness of need to conceal identity from law enforcement); see also
Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989) (inference of guilt may
be drawn from flight); Butler v. State, 936 S.W.2d 453, 459 (Tex. App.–Houston
[14th Dist.] 1996, pet. ref'd) (corrected op.) (giving false identification and engaging
in violent outburst after arrest indicated accused's "guilty knowledge" of assault for
which he had been arrested). 
C. Estoppel by Testimony
         Wheaton admitted when he testified at the punishment phase that he discharged
a firearm. He claimed, however, that the weapon accidentally went off while he was
unloading it. He denied pointing the weapon in his wife's direction. Thus, we must
determine if Wheaton is estopped from challenging the sufficiency of the evidence to
sustain his conviction for deadly conduct because of his testimony at the
punishment phase. See De Garmo, 691 S.W.2d at 660-61 (defendant who admitted
at punishment phase to committing charged murder may not bring sufficiency
challenge on appeal), limited by Leday v. State, 983 S.W.2d 713, 725-26 (Tex. Crim.
App. 1998) (De Garmo applies to waiver of sufficiency challenge but cannot be used
to find waiver of exclusionary rule) and Reyes v. State, 994 S.W.2d 151, 153 (Tex.
Crim. App. 1999) (defendant's admission of guilt at punishment phase waives
sufficiency challenge but does not waive appellate review of alleged violation of right
to have guilt assessed by a twelve-person jury); see also Manning, 112 S.W.3d
at 747 n.4 (defendant's admission during punishment phase of live-in relationship with
complainant estopped him from challenging on appeal sufficiency of evidence to prove
complainant was household member). In his second issue on appeal, Wheaton claims
that the evidence is legally insufficient to support the intent and manner-of-commission
elements of the offense of deadly conduct. He did not admit that he intended to
discharge the weapon or that he pointed it in his wife's direction. Accordingly, we
hold that Wheaton's testimony at the punishment phase does not estop him from
challenging the sufficiency of the evidence to sustain his conviction for deadly conduct
by challenging the sufficiency of the evidence to support the intent and manner-of-commission elements of the offense. See Nunez v. State, 117 S.W.3d 309, at 325
(Tex. App.–Corpus Christi 2003, no pet. h.). 
IV. SUFFICIENCY OF EVIDENCE OF INTENT AND MANNER OF COMMISSION

A. Legal-Sufficiency Analysis
         Viewing the evidence in the light most favorable to the State and measuring it
against the elements of deadly conduct as modified by the indictment, the record
shows that after discharging the firearm, Wheaton threatened the lives of his wife as
well as the peace officers who responded to her 911 call. Further, we find that
evidence in the record of Mrs. Wheaton's location when the gun discharged and of the
trajectory of the bullet supports an inference that Wheaton knowingly discharged the
firearm in her direction. Accordingly, we hold the evidence legally sufficient to support
the intent and manner-of-commission elements of Wheaton's conviction for deadly
conduct. See Jackson, 443 U.S. at 319; see also Johnson, 23 S.W.3d at 7. We
overrule Wheaton's second issue. 
B. Factual-Sufficiency Analysis
         Wheaton challenges the factual sufficiency of the evidence by urging that the
fact finder may not rely on evidence of events that occurred after discharge of the
weapon in proving the requisite intent and manner of commission of the offense. 
However, the fact finder could draw an inference of guilt from Wheaton's words and
conduct after he discharged the firearm. See Felder, 848 S.W.2d at 98; see also
Foster, 779 S.W.2d at 859; Butler, 936 S.W.2d at 459. 
         In our factual-sufficiency analysis, we view all the evidence neutrally, favoring
neither the State nor Wheaton, and measure it against the elements of deadly conduct
as modified by the indictment. See Johnson, 23 S.W.3d at 6-7; see also Adi,
94 S.W.3d at 131. In addition to the evidence recited above in our legal-sufficiency
analysis, the record shows that Wheaton claimed that the firearm accidently
discharged. He denied discharging the weapon in his wife's direction. At trial, Mrs.
Wheaton contradicted the statement she gave to police and testified she did not
believe her husband intended to shoot her. 
         Faced with a record of historical facts that supports conflicting inferences, we
presume that the trier of fact resolved any conflicts in favor of the prosecution. See
Jackson, 443 U.S. at 326. We defer to the fact finder's resolution of conflicting
evidence. See id.; see also Johnson, 23 S.W.3d at 9. We cannot conclude that the
State's proof of Wheaton's guilt is so obviously weak as to undermine confidence
in the fact finder's determination. See Zuliani, 97 S.W.3d at 593. Viewing the
evidence neutrally, we hold the evidence factually sufficient to support the intent
and manner-of-commission elements of Wheaton's conviction for deadly conduct. See
Johnson, 23 S.W.3d at 6. We overrule Wheaton's first issue. 

IV. CONCLUSION
         Having overruled both of Wheaton's issues on appeal, we affirm the judgment
of the trial court. 

 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Justice Rodriguez concurring, joined by Chief Justice Valdez.

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 22nd day of January, 2004.
 

*****************************************************************************









NUMBER 13-02-426-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

PETER HANSEN WHEATON,                                              Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 36th District Court
of San Patricio County, Texas.
__________________________________________________________________

CONCURRING MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo
Concurring Memorandum Opinion by Justice Rodriguez

         I concur in the result and would affirm. However, I write separately because I
believe this Court should measure the sufficiency of the evidence in this nonjury trial,
not against the elements of the offense as modified by the charging instrument, but
by the elements of the offense as defined by a hypothetically correct jury charge for
the case. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997);
Poindexter v. State, 115 S.W.3d 295, 298 (Tex. App.–Corpus Christi 2003, no pet.). 
This hypothetical jury charge would set out the law, be authorized by the indictment,
not necessarily increase the State's burden of proof or necessarily restrict the State's
theories of liability, and adequately describe the particular offense for which the
defendant was tried. See Malik, 933 S.W.2d at 240. In Malik, the court of criminal
appeals provided that this standard can be applied to all trials, whether to the bench
or to the jury. Id.; see Fuller v. State, 73 S.W.3d 250, 252 (Tex. Crim. App. 2002)
(evidentiary sufficiency should be measured against "elements of the offense as
defined by the hypothetically correct jury charge for the case" in all sufficiency cases). 
Following this directive, I believe this standard should be applied to the review of
appellant's legal-sufficiency challenge and his factual-sufficiency challenge.


 Reaching
the same result as the majority, I would affirm.                                                                                                                                       NELDA V. RODRIGUEZ
                                                                        Justice

Chief Justice Valdez joins in this Concurring
Memorandum Opinion.

Do not publish.
Tex. R. App. P. 47.2(b).

Concurring Memorandum Opinion delivered 
and filed this 22nd day of January, 2004.