NO. 07-04-0100-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 23, 2007

_____

LELAND RAY MILBURN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31st DISTRICT COURT OF HEMPHILL COUNTY;

NO. 2533; HON. STEVEN R. EMMERT, PRESIDING

_____

*Opinion*

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

On June 16, 2005, we issued our opinion overruling appellant's two issues and affirming the trial court's judgment. The Texas Court of Criminal Appeals granted appellant's petition for discretionary review, found that the trial court erred in omitting from its jury charge an instruction on probation, and remanded the cause to us to assess harm.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2006).

The parties were afforded opportunity to brief the issue, and upon reading those briefs and the record, we find no harm and again affirm the judgment of the trial court.

Charge error to which an objection was made requires reversal if it caused "some harm" to the appellant's rights. *See Ngo v. State,* 175 S.W.3d 738, 743-44 (Tex. Crim. App. 2005). Though an appellant has no duty to establish harm, *Johnson v. State,* 43 S.W.3d 1, 5 (Tex. Crim. App. 2001), he nonetheless has the burden to prove his entitlement to probation. *Baker v. State,* 519 S.W.2d 437 (Tex. Crim. App. 1975); *Shaffer v. State,* 07-97-0089-CR, 1998 Tex. App. LEXIS 5555 (Tex. App.–Amarillo August 28, 1998, pet. ref'd) (not designated for publication). Moreover, those finally convicted of a previous felony have no such entitlement. *Shaffer v. State, supra*; TEX. CODE CRIM. PROC. ANN. art. 42.12, §(4)(e) (Vernon 2006) (obligating the defendant to apply for probation via a sworn motion stating that he had not previously been convicted of a felony).

Here, the record discloses that appellant's counsel asked appellant at trial whether " . . . prior to July 13th, 2001, had you ever been convicted of a felony?" Appellant responded, "[y]es, sir."[2] Appellant having admitted to this felony conviction, the burden lay with him to establish why it did not subsequently bar him from receiving probation in a later prosecution.[3] Yet, he cited us to nothing of record in attempt to meet that burden. Nor did our own review of the record uncover any such evidence. Given this, we cannot but conclude that appellant failed to prove his entitlement to probation. Having failed in that

---

[2]The conviction underlying the present appeal occurred on December 19, 2003. One day earlier, that is, on December 18, 2003, appellant had been convicted of another felony. Thus, the felony conviction that appellant disclosed at trial arose at least two years earlier.

[3]We so conclude because he had the burden to satisfy the criteria of art. 42.12, §4 and prove his entitlement to probation. TEX. CODE CRIM. PROC. ANN. art. 42.12, §(4)(e) (Vernon 2006).

regard, we must also conclude that he could not have suffered some harm in the trial court's omitting an instruction on probation from its jury charge.

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice

Publish.