**Ex parte Charles Douglas GRABOW.**

**No. 69543.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 15, 1986.

Rehearing Denied March 19, 1986.

Charles Douglas Grabow, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for a writ of habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P.; *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App. 1967).

Applicant was convicted of the offense of murder, and punishment was assessed at eighty years in the Texas Department of Corrections. On direct appeal, the applicant's conviction was affirmed by this Court in a per curiam opinion delivered October 13, 1982. *Grabow v. State*, 640 S.W.2d 310.

Applicant is seeking relief from an affirmative finding by the trial court that a deadly weapon was used during the commission of the murder. That finding affects the amount of time applicant must serve in confinement before he is eligible for parole under Art. 42.12, sec. 15(b), V.A. C.C.P.

The applicant was convicted by a jury of murder; the jury assessed punishment. In

the judgment rendered by the trial court the following finding was entered:

> "and the court further finds that a deadly weapon to-wit; a firearm, was used or exhibited during the commission of this offense,...."

The indictment alleged that the applicant intentionally and knowingly caused the death of an individual by *shooting him with a gun.*[1] The jury was the trier of facts in the instant case, deciding both the guilt of the applicant and his punishment.

In *Polk v. State,* 693 S.W.2d 391 (Tex.Cr. App.1985) this Court delineated three categories of cases wherein the trial court may make an affirmative finding. This Court has held that a jury verdict which finds a defendant "guilty as charged in the indictment" will support an affirmative finding if the indictment specifically alleges that the weapon used is a deadly weapon per se

(e.g., a firearm, *Polk,* supra, at 393). "A gun" is not a deadly weapon per se. See *Chavez v. State,* 657 S.W.2d 146 (Tex.Cr. App.1983) and *Boyett v. State,* 692 S.W.2d 512 (Tex.Cr.App.1985).

Applicant is entitled to relief. The judgment is hereby reformed by deleting therefrom the following:

> "and the Court further finds that a deadly weapon to wit; a firearm, was used or exhibited during the commission of this offense."

IT IS SO ORDERED.

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.