**EX PARTE James Walter MOORE, Applicant.**

No. 69765.

Court of Criminal Appeals of Texas, En Banc.

April 1, 1987.

James Walter Moore, pro se.

Norman Arnett, Dist. Atty., Sweetwater, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

This is an application for post conviction writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Applicant was convicted of murder, V.T. C.A. Penal Code, § 19.02, in Cause No. 5227–D in the 32nd Judicial District Court of Nolan County. An appeal was taken to the Court of Appeals for the Eleventh Supreme Judicial District where applicant's conviction was affirmed. *Moore v. State*, No. 11–81–32–CR (delivered October 14, 1982). He now contends that an erroneous finding of use of a deadly weapon was made in the judgment by the trial court.

Applicant was indicted in two "counts" (more appropriately termed "paragraphs," Art. 21.24, V.A.C.C.P.) charging murder under §§ 19.02(a)(1) and (2), supra, respectively. The first "count" specifically alleged the use of a deadly weapon, "to wit: a firearm," in the commission of the offense. The second "count," however, did not. Rather, it alleged, in pertinent part, that applicant "intending to cause serious bodily injury to an individual ... shot ... the [deceased] in the head with a gun ..." No election being requested by applicant or made by the State, both theories were submitted to the jury. The jury returned a general verdict, Art. 37.07(1)(a), V.A.C.C.P., finding applicant "guilty of murder, as charged in the indictment," and assessed punishment at fifty years imprisonment. The issue of an affirmative finding of the use of a deadly weapon was not submitted to the jury at either phase of the trial. Nevertheless, approximately one month later, the trial court, on motion of the State, reformed the judgment *nunc pro tunc* to include an affirmative finding that applicant "used or exhibited a deadly weapon, to wit: a firearm, as found by the jury." Applicant contends that the jury did not make such a finding and that the trial court was therefore without authority to grant the State's motion and enter the finding of fact. He is correct.

The jury was the factfinder at both phases of trial. The judge had no authority to enter an affirmative finding of use of a deadly weapon, therefore, unless the indictment specifically alleged a "deadly weapon" was used, alleged use of a weapon which is deadly per se, or the jury made an express finding of fact of use of a deadly weapon in response to submission of a special issue. *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985); *Ex parte Thomas,*

580

638 S.W.2d 905 (Tex.Cr.App.1982). The first "count" of the indictment alleges use of a "firearm," which is a deadly weapon per se. *Stewart v. State*, 532 S.W.2d 349 (Tex.Cr.App.1976). However, the second "count" of the indictment does not expressly allege the use of a deadly weapon; nor is a "gun" a deadly weapon per se. *Ex parte Grabow*, 705 S.W.2d 150 (Tex.Cr.App.1986). No special issue as to use of a deadly weapon was submitted to the jury at either phase of the trial.

Only one of the theories submitted to the jury supports an affirmative finding. The jury was not authorized to, and did not, specify under which "count" they found applicant guilty. Under these circumstances it cannot be argued that the jury, as finder of fact here, made an *"express* determination that a deadly weapon or firearm was actually used or exhibited during the commission of the offense." *Polk v. State*, supra at 393. (Emphasis in the original.) Absent such an express determination by the factfinder, the trial court was without authority to enter this affirmative finding. *Id.*, at 396.

Therefore, applicant is entitled to the relief prayed for, and it is granted. Accordingly, the judgment in Cause No. 5227–D, had in the 32nd Judicial District Court of Nolan County, is reformed to delete the finding erroneously made and entered, to-wit:

> "and the Defendant used and exhibited a deadly weapon, to wit: a firearm, as found by the jury."

Copies of this opinion will be forwarded to the Texas Department of Corrections and the Texas Board of Pardons and Paroles.

WHITE, J., dissents.