Affirmed and Memorandum Opinion filed May 20, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00574-CR

___________________

 

Tommy Alexander, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 184th District Court 

Harris County,
Texas



Trial Court Cause No. 1153276

 



 

 

MEMORANDUM  OPINION

Appellant, Tommy Alexander, appeals
from his conviction for aggravated assault.  At trial, the State presented
evidence that appellant possessed a firearm and confronted and physically
struck Marcus Peck.  After a bench trial, the judge found appellant guilty and
assessed punishment at ten years’ imprisonment.  On appeal, appellant asserts
that the evidence at trial is legally and factually insufficient to support the
trial court’s judgment.  We affirm.

I.  Background

Marcus Peck testified that in the late morning of
February 4, 2008, he entered a store across the street from his residence. 
Peck selected several items and approached the front counter in order to pay.  Appellant,
Peck’s neighbor, then walked into the store with a black pistol in his right
hand held at his side, confronted Peck at a distance of about two feet, and
accused Peck, in a “[d]ense” tone, of having said that he was glad appellant
had been “locked up.”  Peck testified that he felt “[t]hreatened” by the
confrontation and that he could only “think about . . . my boys [his children]
because I’m all they got.”  After Peck denied the accusation, appellant
departed the store.  Peck then walked to the cooler to retrieve two more items
and returned to the front counter to pay.  However, before Peck could pay,
appellant reentered the store with the same pistol in his right hand with his
finger in the trigger guard, approached Peck to within “[a]rm reach,” and
struck Peck on the left side of his face, rendering him unconscious.[1]  Peck testified
that, immediately prior to being struck, he sensed something was “fixing to
happen,” and he was afraid of “[l]osing [his] life.”  When later asked whether
he was afraid of imminent bodily injury during the second confrontation, Peck
responded:  “Yes.”

In a bench trial, appellant was convicted of
aggravated assault by threat under Texas Penal Code sections 22.01(a)(2) and
22.02(a)(2) and sentenced to ten years’ imprisonment.  This appeal followed.

II.  Legal Sufficiency

In his first issue, appellant contends that the
evidence at trial was legally insufficient to prove that he committed the
offense while using or exhibiting a deadly weapon.  In determining the legal
sufficiency of the evidence, a court must view the evidence in the light most
favorable to the verdict and decide whether any rational trier of fact could
have found the essential elements of the charged offense beyond a reasonable
doubt.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Utomi
v. State, 243 S.W.3d 75, 78 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d).  This analysis considers all evidence presented at trial; however, an appellate
court may not reevaluate the weight and credibility of the record evidence and
substitute its own judgment for that of the trier of fact.  King, 29
S.W.3d at 562; Johnson v. State, 967 S.W.2d 410, 412 (Tex. Crim. App.
1998).  Appellant was charged with aggravated assault.  As set forth in the information,
a person commits this offense when he or she intentionally or knowingly
threatens another with imminent bodily injury and the person uses or exhibits a
deadly weapon during the commission of the offense.  Tex. Penal Code §§
22.01(a)(2), 22.02(a)(2).  The Penal Code expressly defines “deadly weapon” to
include a firearm.  Tex. Penal Code § 1.07(a)(17)(A); Ex parte Moore,
727 S.W.2d 578, 580 (Tex. Crim. App. 1987).  

As stated, appellant only attacks the legal
sufficiency of the evidence to prove that he used or exhibited a deadly weapon
in the commission of the assault.  Within this contention are two issues. 
First, appellant asserts that the evidence was legally insufficient to prove
the presence of a deadly weapon.  Second, assuming evidence establishes
a deadly weapon was present, he contends the evidence was legally insufficient
to show that he used or exhibited the deadly weapon during the
commission of the assault.  

A.  Presence of a Deadly Weapon

At trial, Peck testified that both times appellant
approached him in the store, appellant carried a black pistol in his right
hand.  Therefore, the State offered evidence that appellant possessed a firearm
during the commission of the offense.  Appellant, however, asserts that this
testimony is legally insufficient to prove that he possessed a deadly weapon in
the commission of the assault because (1) the firearm that Peck alleged was in
appellant’s possession was never recovered or otherwise identified by the
State; (2) despite the presence of the store clerk during the altercation, the
store clerk’s testimony was not presented by the State; (3) Peck testified that
there were four persons in the store at the time of the incident but named only
three persons; and (4) Peck’s claim that he continued shopping after the first
confrontation is inconsistent with his claim of being afraid.  

As stated, in a legal sufficiency analysis, determining
the weight and credibility of the evidence is within the exclusive province of
the trier of fact rather than that of an appellate court.  King, 29
S.W.3d at 562; Johnson, 967 S.W.2d at 412.  Each of the points appellant
raises goes to the credibility of Peck’s testimony that he saw appellant in
possession of a firearm.  As trier of fact, the judge was free to consider
these points in assessing Peck’s testimony.  However, it is not the place of
this court to reassess that testimony on appeal.  Furthermore, a victim’s
testimony concerning the presence of a pistol by a defendant is generally alone
sufficient to support a finding of the presence of a deadly weapon.  Cf.
Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (interpreting
the term “uses or exhibits a deadly weapon” in Texas Penal Code section
29.03(a)(2) (aggravated robbery)).[2] 
Additionally, if the alleged firearm is not recovered by the State,
corroboration of the victim’s identification of the firearm is not required.  Id.

Next, in support of his contention that the evidence
is legally insufficient to prove the presence of a deadly weapon, appellant points
out that Peck testified that he turned his head prior to being struck by
appellant; therefore, appellant argues, Peck did not actually see the pistol
when appellant struck him.    Once again, this argument goes to the weight of
Peck’s testimony and does not implicate legal sufficiency.  We find that the
trier of fact could have rationally found that Peck’s testimony established the
presence of a deadly weapon.  

B.  Use or Exhibition of a Deadly Weapon

Appellant further argues that even if a deadly weapon
were present, Peck never indicated at trial that appellant threatened him with
the deadly weapon.  We agree with appellant that there generally must be some
nexus between the presence of the firearm and the actual offense.  Cf. McCain
v. State, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000) (holding that “a person
‘uses or exhibits a deadly weapon’ under the aggravated robbery statute if he
employs the weapon in any manner that ‘facilitates the associated felony’”
(quoting Tex. Penal Code § 29.03(a)(2) and Patterson v. State, 769
S.W.2d 938, 941 (Tex. Crim. App. 1989)).  That nexus is provided with Peck’s testimony
that both times appellant approached him in the store, appellant openly had the
pistol in his right hand and he (Peck) felt threatened.  Therefore, the trial
judge could have rationally inferred that appellant used or exhibited the
pistol in furtherance of the threat.

For the foregoing reasons, we find that the trial
evidence was legally sufficient to prove that appellant both possessed and used
or exhibited a deadly weapon in the commission of the assault.  Accordingly, we
overrule his first issue.

III.  Factual Sufficiency

In his second issue, appellant contends that the
trial evidence was factually insufficient to support the trial court’s judgment. 
In conducting a factual sufficiency analysis, we view the evidence in a neutral
light and set aside the trial verdict “only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.”  Johnson
v. State, 23 S.W.3d 1, 6–7 (Tex. Crim. App. 2000) (quoting Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)).  Although less
deferential than the legal sufficiency standard, a factual sufficiency review
must still “employ appropriate deference to prevent an appellate court from
substituting its judgment for that of the fact finder, and any evaluation
should not substantially intrude upon the fact finder’s role as the sole judge
of the weight and credibility given to witness testimony.”  Johnson, 23
S.W.3d at 7; Marines v. State, 292 S.W.3d 103, 107 (Tex. App.—Houston
[14th Dist.] 2008, pet. ref’d).  Specifically, appellant argues that the
evidence was factually insufficient to prove that appellant threatened Peck
with a deadly weapon. 

In the context of aggravated assault by threat,
evidence that establishes (1) that the victim perceived a threat and (2) that a
threat was made is factually sufficient to sustain an aggravated assault by
threat conviction where only the threat element is at issue.  Olivas v.
State, 203 S.W.3d 341, 350 (Tex. Crim. App. 2006); Dobbins v. State,
228 S.W.3d 761, 766–67 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d).

A.  Perception of a Threat

At trial, Peck testified that appellant approached
him with a black pistol in his right hand, stood two feet away, and in a “dense”
tone, accused Peck of making derogatory remarks about him.  When asked how this
made him feel, Peck responded that he felt “[t]hreatened” and could only “think
about . . . my boys [his children] because I’m all they got.”  Peck further
testified than when appellant confronted him a second time, while still in
possession of the black pistol, he (Peck) was afraid of “[l]osing [his] life.” 
When later asked if he was afraid of imminent bodily injury, Peck responded:
“Yes.”  Appellant argues that this testimony is factually insufficient to prove
that Peck perceived a threat with a deadly weapon.  In support, he points out
that Peck continued to shop after the first confrontation with appellant.  This
fact, appellant argues, is inconsistent with Peck’s claims of being afraid;  he
asserts that a reasonable person would have called the police, tried to escape,
determined exactly where appellant went after departing the store, or at least
still been under the alleged fear or apprehension created by the
confrontation.  

Appellant’s arguments are without merit for two
reasons.  First, his assertions call into question the credibility of Peck’s
testimony.  While a factual sufficiency review “occasionally permits some
credibility assessment[,] . . . [u]nless the available record clearly
reveals a different result is appropriate, an appellate court must defer to the
jury’s determination concerning what weight to give contradictory testimonial
evidence . . . .”  Johnson, 23 S.W.3d at 8 (emphasis added).  In the
face of Peck’s unequivocal testimony as to his perception of a threat, the fact
that he returned to the cooler to purchase two additional items subsequent to
the first encounter does not clearly raise a reasonable doubt as to his
perception of a threat.  Therefore, this court has no authority to disturb the
trial court’s finding of a threat.

Second, appellant’s assertions attack only Peck’s
testimony concerning the first encounter; appellant’s arguments do not address
Peck’s claims of being fearful for his life during the second encounter.  Consequently,
Peck’s testimony relating to both encounters with appellant is factually
sufficient to show that Peck perceived a threat of imminent bodily injury from appellant.

B.  Actual Threat

In determining whether a threat was made, the Court
of Criminal Appeals has held that threats can be conveyed by conduct or action
as well as by words.  McGowan v. State, 664 S.W.2d 355, 357 (Tex. Crim.
App. 1984); Dobbins, 228 S.W.3d at 766.  In Dobbins, the defendant
drove a vehicle directly at the victim, stopped at a distance of “about one to
one-and-a-half car lengths” from the victim, and then drove the vehicle forward
at no more than ten miles per hour before striking the victim with the automobile. 
228 S.W.3d at 763.  The victim testified that the defendant saw him standing
there prior to striking him with the vehicle; additionally, the victim made no
mention as to whether the defendant said anything to the victim before being
struck.  Id.  This court held that the defendant’s conduct in Dobbins
was factually sufficient to constitute an actual threat.  Id. at
766–67.  

Here, Peck testified that appellant walked into the
store with a black pistol in his right hand, confronted Peck at a distance of
about two feet, and accused Peck in a “dense” tone of making derogatory remarks
about him.  Peck further testified that appellant then departed the store but
returned before Peck had completed shopping and again confronted Peck within
arm’s reach.  Peck stated that appellant again possessed the pistol in his
right hand with his finger in the trigger guard.  Under the analysis used in Dobbins,
we find that appellant’s conduct communicated a threat to Peck.  Thus, Peck’s
testimony provided factually sufficient evidence to prove that appellant
communicated a threat to Peck of imminent bodily injury with a deadly weapon.

Therefore, we conclude that Peck’s testimony was
factually sufficient to prove that appellant threatened Peck with a deadly
weapon.  Appellant’s second issue is overruled.

We affirm the trial court’s judgment. 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

Panel
consists of Chief Justice Hedges and Justices Yates and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

                                                                        









[1] Peck testified that although he did not see appellant
strike him, he was certain that appellant struck him with the pistol.  In
his testimony, appellant denied possessing or hitting Peck with a firearm;
rather, he testified that he struck Peck with a closed fist.  However, we need
not resolve whether Peck’s testimony and his medical records were legally and
factually sufficient to prove that the appellant struck Peck with the pistol
because as discussed below, appellant was convicted of aggravated assault by
threat with a deadly weapon rather than aggravated assault by causing bodily
injury with a deadly weapon.





[2] In Gomez, the
defendant was convicted of aggravated robbery.  Gomez, 685 S.W.2d at
335.  The victim testified that, during the commission of the offense, the
defendant pointed a revolver at the victim and stated “[t]his is a holdup.”  Id.
at 336.  The Court of Criminal Appeals stated that “[t]estimony regarding the use
of a revolver is sufficient to support a finding of use and exhibition
of a deadly weapon.”  Id. (all emphasis added).  In Gomez,
the victim’s testimony that the defendant pointed a revolver at him was
sufficient to prove both presence and use of a deadly weapon;
therefore, the principle follows that testimony that the defendant held a
firearm, as in this case, is sufficient to prove the presence of a firearm.